393 So.2d 621 (1981)
UNIVERSITY OF FLORIDA, INSTITUTE OF AGRICULTURAL SERVICES, Appellant,
v.
Alice KARCH, Appellee.
No. UU-156.
District Court of Appeal of Florida, First District.
February 10, 1981.
Kurt Preston Hampp, of Jacobs, Robbins & Gaynor, St. Petersburg, for appellant.
Ivan Matusek, St. Petersburg, for appellee.
PER CURIAM.
The University of Florida, Institute of Agricultural Services, appeals that portion of a deputy commissioner's order finding that he had subject matter jurisdiction to award Florida workers' compensation benefits to the claimant, appellee, even though the claimant may have been entitled to benefits under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, et seq. (1980). We affirm.
The order of the deputy commissioner found that the claimant, a nutrition aide, was a state employee; that her disabilities were caused by this employment; that the program the claimant had been working under was totally or partially funded by the federal government; that the federal government had accepted the responsibility for paying FECA benefits for nutritional *622 aides generally; and that the claimant had not received FECA benefits.[1]
The entitlement of being covered by FECA does not preclude jurisdiction under the Florida Workers' Compensation Law, Section 440.09(2), Florida Statutes (1977). Section 440.09(2) only bars compensation to "any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or the Jones Act." The Act applies to all employment unless specifically excluded. Street v. Safway Steel Scaffold Company, 148 So.2d 38 (Fla. 1st DCA 1962). Employees covered by FECA are not specifically excluded by Section 440.09(2). Additionally, the rule of statutory construction, expressio unius est exclusio alterius, applies here. If the legislature intended to exclude employees covered by FECA, presumably it would have included that Act among the other federal acts listed in Section 440.09(2). The claimant was disabled in the course of state employment and was entitled to compensation.[2]See Section 440.02(1)(b)1, Florida Statutes.
The appellant contends that Congress, in enacting FECA, preempted the field and thereby precluded a state worker's compensation remedy to a situation in which a claimant would be covered by FECA. The language in FECA clearly indicates that FECA is the exclusive remedy against the federal government. 5 U.S.C. § 8116 (c) provides:
The liability of the United States ... under this subchapter ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... (e.s.).
The above quoted section, however, does not indicate that FECA is a claimant's exclusive remedy against other entities. Section 8132 of the same Act, captioned "Adjustment After Recovery From a Third Person" provides:
If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the cost of suit and after a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury.
Thus, it appears that Congress contemplated a scheme whereby a FECA claimant could recover from other sources besides the federal government without receiving double compensation via FECA benefits.[3] We believe that the workers' compensation claim against the State of Florida was a "legal liability in a person" within the meaning of Section 8132. Therefore, it does not appear that the legislative intent in enacting FECA was to preclude concurrent jurisdiction with state workers' compensation laws. Cf. Sunship, Inc. v. Commonwealth of Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), where the Court held that the legislative history of the Longshoremen's and Harbor Workers' Compensation Act did not establish an *623 intent to preclude a state workers' compensation claim.
AFFIRMED.
ERVIN, SHAW and WENTWORTH, JJ., concur.
NOTES
[1] These findings are not disputed.
[2] Atkins v. State Dept. of Highway Safety and Motor Vehicles, 383 So.2d 313 (Fla. 1st DCA 1980), is of course distinguishable. There we held that a highway patrolman who was injured in the course of his duties at a two-week National Guard summer camp was not entitled to Florida workers' compensation benefits. The key to our holding in Atkins was that the claimant was not acting as an employee of the State of Florida when he was injured.
[3] Section 440.09(1), Florida Statutes, provides a similar scheme:

[I]f an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein.