445 So.2d 663 (1984)
STANDARD DISTRIBUTION COMPANY and National Fire Insurance Company of Hart, Appellants,
v.
SIDNEY WADE JOHNSON, Appellee.
No. AU-119.
District Court of Appeal of Florida, First District.
February 21, 1984.
*664 John L. Myrick of Kinsey, Myrick & Troxel, Pensacola, for appellants.
Ralph A. Peterson of Beggs & Lane, Pensacola, for appellee.
MILLS, Judge.
The employer/carrier (E/C) appeal from a workers' compensation order awarding Johnson compensation and medical benefits contending the deputy commissioner erred in finding that Johnson was enroute to his home and had not deviated from his employment at the time of an automobile accident resulting in his injury. We affirm.
Johnson was employed as a traveling salesman and was paid by Standard for the use of his car. He did not have to report to Standard's office at the end of the business day. At the time of the accident, he had completed the business day and was enroute to his home. Although he intended to visit a friend before reaching his home, he had not deviated from his usual route home at the time of the accident.
Johnson was a traveling employee who was paid for the use of his car on his employer's business. These are exceptions to the going-and-coming rule, thus, his accident and injury while enroute home were covered by the workers' compensation act. Poinciana Village Const. Corp. v. Gallarano, 424 So.2d 822 (Fla. 1st DCA 1982).
Standard argues that intention to deviate from the usual route removes Johnson from application of the exceptions. This argument is without merit. A distinct deviation is required. Sunshine Jr. Food Stores v. Thompson, 409 So.2d 190 (Fla. 1st DCA 1982).
Standard also argues that its suggestion of a more practical route removes application of the exceptions. This argument is without merit too when the usual route is used.
There is competent substantial evidence that this accident and the injuries occurred while Johnson was on his usual route home.
AFFIRMED.
WENTWORTH, J., and McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concur.