BARFIELD, Judge.
The employer/carrier appeals a final workers’ compensation order. The question before us on this appeal is whether the deputy erred in finding that the death of Aubura G. Grooms arose out of and in the course of his employment. We hold that the deputy did not err and affirm.
There is competent substantial evidence in the record to support the finding of the deputy that the decedent was en route from his own home to the house of a prospective client of his employer for a sales interview. A substantial part of the service provided to the employer by its salespeople was the travel to prospects’ homes for sales interviews. That included the travel from the employees’ homes to their first interviews on those days when they were not required to initially go to the office. The employer compensated its employees for their travel when they reached certain quotas of sales. In the month in which decedent’s accident occurred, he had not reached the quota level for reimbursement of travel expenses.
The parties agree that the authorities hold that the accident would be compensa-ble if the decedent had been reimbursed for his travel. Standard Distribution Co. v. Johnson, 445 So.2d 663 (Fla. 1st DCA 1984); 1 Larson, The Law of Workman’s Compensation, § 16.30 (1985). The question is whether compensation for travel expenses of a traveling salesperson is a prerequisite to this exception of the “going and coming” rule. We hold that it is not.
Professor Larson states the underlying principle of the “compensated travel” exception to the “going and coming” rule as:
The rule excluding off-premises injuries during the journey to and from work does not apply if the making of that journey, or the special degree of inconveniences or urgency under which it is made, whether or not separately compensated for, is in itself a substantial part of the service for which the worker is employed.
Larson, supra, at § 16.00 (emphasis added.) Applying that principle to the facts of this case, it is obvious that a substantial part of the service provided to the employer by its salespeople was the travel to prospects’ homes for sales interviews. The fact that this employer used its superior bargaining power to avoid compensating some of its employees for their travel is no reason to allow it to escape liability in a situation where compensation would otherwise be due.
Professor Larson cites to the case of Haynes Guardian Security Bureau v. Jordan, 520 P.2d 1050 (Colo.Ct.App.1974). That case is quite similar on its facts, and the accident was found compensable. The only meaningful factual difference in Haynes Guardian is that there the employee was promised reimbursement for his travel; here, the employer’s salespeople had to “earn” their travel allowance by meeting a sales quota. We do not find that this difference changes the legal principles to be applied, and we agree with the result reached in that opinion.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.