SHARP, Judge.
Stromberg-Carlson appeals from an order denying its motion for a judgment notwithstanding the verdict or in the alternative, motion for new trial, and a final judgment in a tort action which awarded Jackson and her husband $185,000.00 and $5,000.00 in damages, respectively. Appellant raises a number of points. However, we find its contention that the trial court erred in refusing to allow Stromberg-Carl-son to assert the affirmative defense of workers’ compensation tort immunity determinative and we reverse.
Appellee, Lee Ann Jackson, was injured in an automobile accident on a private roadway on property owned by Stromberg-Carl-son. Jackson was an employee of Strom-berg-Carlson and was being driven to work by her husband when the accident occurred. At trial the proofs established that the accident was caused by the highly slick and smooth surface of the roadway which caused the motor vehicle, in which Jackson was a passenger, to skid and strike the rear of another vehicle. The record clearly reflects this accident occurred within the course of Jackson’s employment under the “special hazard” exception to the “coming and going rule.” Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla.1954).
Jackson first filed a claim for workers’ compensation benefits. It was vigorously defended by Stromberg-Carlson. A hearing was scheduled in the compensation case and shortly before it was to take place, a state workers’ compensation specialist issued an advisory opinion that Jackson’s injury was compensable. One week before the hearing Jackson voluntarily withdrew her claim. She then filed this tort suit.
On two occasions during the litigation of this case, Stromberg-Carlson attempted to raise the affirmative defense of workers’ compensation tort immunity. The first time was in a motion to file an amended answer to plaintiff’s second amended complaint. The second attempt was in Strom-berg-Carlson’s answer to plaintiffs’ third amended complaint. The portion of the answer asserting this defense was stricken upon" plaintiff’s motion. Both times the trial judge ruled that Stromberg-Carlson was equitably estopped from asserting the workers’ compensation tort immunity defense by reason of its prior conduct and in particular its prior denial of the plaintiff’s claim for workers’ compensation benefits. The case proceeded to jury trial and the judgment being appealed was entered.
Florida Rule of Civil Procedure 1.190 provides that leave to amend pleadings shall be given freely when justice so requires. A test of prejudice is the primary consideration in determining whether a motion for leave to amend should be granted. New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla.1982). Appellees have presented no reason as to how they would have been prejudiced if Stromberg-Carlson were allowed to assert the workers’ compensation tort immunity defense and we find in this record no basis to apply equitable estoppel.[1] Jackson’s compensation claim will not be barred by the statute of limitations because section 440.19(4), Florida Statutes (1983) provides that the two-year time limit for filing a workers’ compensation claim does not start to run until the termination of a civil suit for damages. Since no prejudice was shown, Stromberg-Carlson should have been allowed to amend its answer to plaintiffs’ second amended complaint and Strom-berg-Carlson’s assertion of the tort immunity defense in its answer to plaintiffs’ third amended complaint should not have been stricken.
Accordingly, the judgment below is reversed and the case remanded with instructions to enter an order granting Stromberg-Carlson’s motion for judgment notwithstanding the verdict on the basis of workers’ compensation tort immunity.
REVERSED AND REMANDED.
UPCHURCH, J., concurs.
DAUKSCH, J., concurs in conclusion only.

. Compare Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966).