498 So.2d 657 (1986)
MAAS BROTHERS and Whiting National Services, Inc., Appellants,
v.
Winifred L. PEO, Appellee.
No. BJ-55.
District Court of Appeal of Florida, First District.
December 11, 1986.
*658 Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellants.
Dudley Burton, Sanibel, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order finding appellee's injury compensable and ordering employer/carrier to pay medical and temporary total disability benefits to appellee. We affirm.
On March 13, 1985, the 68-year-old appellee, a part-time employee of appellant Maas Brothers, clocked out at the end of her workday and left the store by way of the employees' entrance. While attempting to cross the parking lot, which was undergoing some construction, in order to reach her car, she caught the heel of her shoe in a chalk line and fell, suffering a broken hip for which she had to undergo a total hip replacement. She has been temporarily totally disabled since the accident and, at the time of the hearing had not reached maximum medical improvement. Appellants defended her claim for benefits on the ground that she did not suffer a compensable accident in the course and scope of her employment since the parking lot did not belong to Maas Brothers but instead belonged to the landlord, the shopping mall in which Maas Brothers is located.
The evidence showed that although Maas Brothers did not require that its employees park in any particular places, it did direct its employees not to park in the parking spaces closest to the store but to park in certain areas farther away from the store entrances, in order to save the convenient parking spots for customers. Due to the parking lot construction, the employees were given a map at various times showing them where acceptable parking places were located. Appellee testified that anytime she had parked her car within the area reserved for customers, her employer required her to move it.
At the hearing, appellants produced a copy of the lease between Maas Brothers and the mall owners. According to the lease, the mall agreed to provide convenient parking facilities within a certain area for use of the tenant's customers and others doing business in the shopping center, for which no charge would be made. Appellee's attorney agreed that Maas Brothers did not own or lease any portion of the parking lot. Both parties agreed that the parking lot was not part of the leasehold premises.
The deputy commissioner found, however, that appellee was injured on her employer's premises since the shopping center lease could reasonably be construed to create a leasehold interest by way of a license for the nonexclusive use of the annexed parking and the lease contained no provision to prevent Maas Brothers' employees from using the adjacent parking which Maas Brothers apparently encouraged its employees to do. Thereupon, he awarded benefits to appellee.
We affirm the deputy's award not on the ground that the parking lot was a portion of the employer's premises, either through its leasehold interest or otherwise, but on the ground that the danger to which appellee was exposed was one to which she was subjected peculiarly by reason of and in connection with her employment. See Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986), which provides an in-depth discussion of the premises rule and its exceptions. The evidence clearly supports a determination that, except for her status as an employee of Maas *659 Brothers, appellee would have been free to park in any space she chose in the entire mall parking lot. Since Maas Brothers, as her employer, exercised control over where she could not park, and since she encountered an obstacle leading to her injury in an effort to comply with employer rules regarding parking, the circumstances surrounding her injury were sufficiently connected to her employment to entitle her to workers' compensation benefits. In 1 A. Larson, The Law of Workmen's Compensation, § 15.15, the above concept was explained as follows:
Claimant has been subjected to a particular risk because of his employment, the risk of crossing certain railway tracks near the plant entrance, for example. Since it is so obvious that a causal relation exists between the work and the hazard, the always-ill-fitting course of employment concept has got to be stretched at least far enough to prevent the injustice of denying compensation for an injury admittedly caused by the employment.
We have, then, a workable explanation of the exception to the premises rule: it is not proximity, or reasonable distance, or even the identifying of surrounding areas with the premises: it is simply that, when a court has satisfied itself that there is a distinct "arising out of" or causal connection between the conditions under which claimant must approach and leave the premises and the occurrence of the injury, it may hold that the course of employment extends as far as those conditions extend. (Footnote omitted).
Also, compare Judge Barfield's concurring opinion in Doctor's Business Service, Inc.
We note a decision factually similar but to the contrary in result in Glassco v. BelkTyler Company of Goldsboro, North Carolina, Inc., 69 N.C. App. 237, 316 S.E.2d 334 (1984). We decline to follow the minority view of the North Carolina court.
AFFIRMED.
JOANOS, J., concurs.
SMITH, J., concurs and dissents with written opinion.
SMITH, Judge, concurring in part and dissenting in part.
I think insufficient connection has been shown between the single factor of the designation of a general parking area for the claimant here and the chance encounter with the injury-producing hazard to satisfy the "course of employment" requirement just recently visited by this court en banc in Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986).
Since the majority has found that the deputy commissioner based his coverage decision upon an incorrect construction of the lease between Maas Brothers and the mall owners, a finding with which I concur, it seems to me that the order on appeal should be reversed and remanded to the deputy commissioner for factual findings and a determination, based on the evidence, as to whether grounds for coverage have been established in light of our decision in Clark. Both parties should be allowed to present such further evidence as might be necessary in support of their position.
I would reverse and remand for further proceedings.