617 So.2d 791 (1993)
KASH-N-KARRY and Scott Wetzel Services, Inc., Appellants,
v.
Rita JOHNSON, Appellee.
No. 91-04024.
District Court of Appeal of Florida, First District.
April 28, 1993.
Rehearing Denied June 4, 1993.
M. Mitchell Newman of Gluckman & Newman, P.A., Tampa, for appellants.
William G. Berzak, Orlando, and Bill McCabe, Longwood, for appellee.
*792 PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). At issue is whether the JCC erred in finding the claim compensable under the "special hazard" exception to the going and coming rule (special hazard rule).
The facts, most favorably stated to the JCC's order, are that on December 28, 1990, claimant, a Kash-N-Karry employee, slipped and fell while traveling from her parked car to the entrance of the store in which she worked. The employer had not designated a specific employee parking area but did require employees to park away from the front of the store in order to reserve this area for customers. On the day claimant was injured, it was raining. Claimant parked her car in front of a neighboring store and walked quickly from the car to the entrance of the Kash-N-Karry store. As she approached the curb of the shopping plaza, she stepped on an area that had been painted yellow as a no-parking area. The painted area was slicker than the surrounding unpainted area. Claimant did not know whether the area had been freshly painted. She assumed, but did not know, that the paint had caused her to fall. Claimant was wearing tennis shoes.
The employer was the anchor tenant of a shopping plaza. Under the employer's lease with the owner of the shopping plaza, however, the employer leased the store premises only and not the curb in front of the store or the parking lot. Although the lease provided that the shopping plaza's common area would include such features as pedestrian sidewalks, shopping cart ramps, landscaped areas, parking areas, and areas for vehicular circulation to be constructed pursuant to plans and specifications approved by both the landlord and tenant, the landlord was responsible for maintaining the common area. The employer, employees, and customers had nonexclusive "easements" over the common area for the purpose of ingress and egress to and from the leased premises. Finally, the lease provided that employees would be required to park their automobiles outside of the shopping center or in areas marked for employee parking.
The JCC entered an order finding the claim compensable. At the time of the accident, claimant was on the premises of the shopping plaza, was headed directly to work, and was not on the premises for any other purpose. Claimant had parked her car away from the employer's store, as the employer required. Although the accident had occurred in a common area outside of the premises leased by the employer, the area of the accident was subject to indirect control of the employer through enforcement of the lease provisions, which required the landlord to maintain the common area. The JCC suggested, but declined to expressly find, that the accident occurred on the employer's premises. The JCC found, however, that claimant was entitled to the benefit of the special hazard rule. The hazard was the yellow painted area, which caused claimant to fall despite the fact that she was wearing tennis shoes.
In seeking reversal, the employer and carrier (E/C) contend that the repeal of section 440.26, Florida Statutes (1989), and enactment of sections 440.015 and 440.092(2), Florida Statutes, by chapter 90-201, Laws of Florida,[1] had the effect of abrogating *793 the special hazard rule. The E/C alternatively contend that even if the rule remains viable, the claim is not compensable under the rule.
The special hazard rule was adopted by the Supreme Court in Naranja Rock Company v. Dawal Farms, 74 So.2d 282, 286 (Fla. 1954), as follows:
Where there is a special hazard on a normal route used by an employee as a means of entry to and exit from his place of work, the hazards of that route under appropriate circumstances become the hazards of the employment. [citations omitted]
This rule has been repeatedly recognized in subsequent Florida cases, e.g., Ocean Pavilion v. Betancourt, 578 So.2d 467 (Fla. 1st DCA 1991), Toyota of Pensacola v. Maines, 558 So.2d 1072 (Fla. 1st DCA 1990), and Petroske v. Worth Ave. Burger Place, 416 So.2d 856 (Fla. 1st DCA 1982).
The 1990 enactments did not abrogate this rule. Section 440.26(1), Florida Statutes (1989), repealed by chapter 90-201, Laws of Florida, merely established a presumption that a claim fell within the provisions of chapter 440 when an injury indisputably occurred on the job and no evidence of causation was available. Schafrath v. Marco Bay Resort, Ltd., 608 So.2d 97, 103 (Fla. 1st DCA 1992); Deahl v. Uni-Pak Corp., 550 So.2d 122, 123 (Fla. 1st DCA 1989). In contrast, the special hazard rule permits an off-premises injury to be deemed to have occurred within the course of employment, on proof that a special hazard on the normal route to employment caused the injury. Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986) (en banc), review denied, 506 So.2d 1041 (Fla. 1987); Maines, supra at 1075. The statute has nothing to do with, and its repeal has no effect upon, the special hazard rule.
Section 440.015, Florida Statutes (Supp. 1990), is equally inapplicable to the special hazard rule. This section represents nothing more than a statutory recognition of long-standing legal principles enunciated by Florida courts and applied in workers' compensation cases. Schafrath, supra at 103 n. 3 (listing principles). The section is entirely lacking in the kind of explicit language necessary to repeal an established rule. Id. at 104.
Likewise, appellant's contention that section 440.092(2), Florida Statutes (Supp. 1990), abolished the special hazard rule is misplaced. The statute speaks only to the employer-provided transportation rule, as set forth in cases such as Povia Brothers Farms v. Velez, 74 So.2d 103 (Fla. 1954) (when an injury occurs as an incident to transportation provided by the employer as part of the employment contract, the injury is compensable). Had the Legislature intended to abolish or limit the special hazard rule, it would expressly have done so. See University of Florida, Institute of Agricultural Services v. Karch, 393 So.2d 621, 622 (Fla. 1st DCA 1981).
We must agree with the E/C, however, that the instant claim is not compensable under the special hazard rule. For a claimant to be entitled to the benefit of the rule, claimant must demonstrate the existence of a special hazard at a particular off-premises location which is on the usual or expected means of access to the claimant's place of employment. Maines, supra at 1075, citing Naranja Rock Company, supra. A chalk line into which a claimant caught the heel of her shoe, a rough and uneven portion of a sidewalk, and a pothole at the entrance of a driveway have been recognized as possible special hazards. Maas Brothers v. Peo, 498 So.2d 657 (Fla. 1st DCA 1986); Clark, supra at 661-666; Petroske, supra at 857. The instant "no parking" instruction, painted at the base of *794 the curb of a shopping plaza, cannot as a matter of law be considered a special hazard, because the record is devoid of any evidence that the area was defective or in disrepair, because claimant did not know whether the area had been freshly painted and because claimant's own exhibits did not reveal any hazardous condition. Nothing in Stromberg-Carlson v. Jackson, 488 So.2d 545 (Fla. 5th DCA 1986), requires a different result.
Moreover, application of the special hazard rule requires proof of a causal relationship between the hazard and the injury. Betancourt, supra at 468. The only testimony on the issue of causation is that of the claimant. Claimant did not testify on direct examination that the painted area caused her to fall. On cross-examination, her testimony was that she assumed, but did not know, that the painted area caused her to fall. This testimony is insufficient on the question of causation.
Finally, we reject claimant's contention that the finding of compensability should be affirmed because of the E/C's failure to appeal from the alternative "finding" that the accident occurred on the employer's premises. The JCC expressly declined to base the award on this finding. Moreover, this finding is, as claimant properly concedes, contrary to this court's holding in Maas Brothers, supra.
The order appealed from is reversed, and this cause is remanded for further proceedings consistent herewith.
BOOTH, BARFIELD and MINER, JJ., concur.
NOTES
[1] The chapter 90-201, Laws of Florida, amendments to chapter 440, Florida Statutes, are applicable to this case. See Martinez v. Scanlan, 582 So.2d 1167 (Fla. 1991).

Section 440.26, Florida Statutes (1989), provides in pertinent part:
440.26 Presumptions. ... it shall be presumed, in the absence of substantial evidence to the contrary:
(1) That the claim comes within the provisions of this chapter.
Section 440.015, Florida Statutes (Supp. 1990), provides in pertinent part:
440.015 Legislative intent. ... In addition, it is the intent of the Legislature that the facts in a workers' compensation case are not to be interpreted liberally in favor of either the rights of the injured worker or the rights of the employer. Additionally, the Legislature hereby declares that disputes concerning the facts in workers' compensation cases are not to be given a broad liberal construction in favor of the employee on the one hand or of the employer on the other hand.
Section 440.092, Florida Statutes (Supp. 1990) provides in pertinent part:
440.092 Special requirements for compensability; deviation from employment; subsequent intervening accidents. 
... .
(2) GOING OR COMING.  An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.