654 So.2d 1024 (1995)
SECURITY BUREAU, INC. and GAB Business Services, Inc., Appellants,
v.
Martha I. ALVAREZ, Appellee.
No. 94-2332.
District Court of Appeal of Florida, First District.
May 16, 1995.
Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
Alphonso S. Milligan of Milligan, Douthit & Lang, P.A., Coral Gables, for appellee.
DAVIS, Judge.
The employer and carrier (e/c), Security Bureau, Inc. and GAB Business Services, Inc., appeal an interlocutory order of the Judge of Compensation Claims (JCC) determining that Ms. Alvarez suffered a compensable injury when she shut her finger in her car door after parking her car to go in to work. The JCC held that the injury was compensable because it found that claimant had been directed to park in a public parking *1025 lot thereby making that parking lot a part of the zone and environment of her employment. The JCC's finding in this regard is not supported by the evidence, and, as a matter of law, claimant's injury is not compensable under any exception to the going and coming rule. We therefore reverse.
Martha Alvarez was employed by Security Bureau, Inc., as a security guard. Her regular assignment over the fourteen months preceding her injury was the Federal Express Cargo section at the Miami International Airport. She reported directly to the Federal Express Cargo terminal without going to the offices of Security Bureau, Inc. first. The security guards were required to report to work fifteen minutes before the beginning of each shift, in order to get a report from the person who had worked the previous shift. On April 24, 1992, Martha Alvarez arrived at approximately 9:45 a.m. to begin a 10:00 a.m. shift and parked in a public parking lot across the street from the Federal Express office. The security guards and all Federal Express employees were prohibited from parking in the four spaces directly in front of the Federal Express building. Those spaces were reserved for the convenience of customers. All employees, including Ms. Alvarez, were directed to park away from the front of the building, and they parked in the only other practical place, the public lot across the street. There is no competent substantial evidence to support the factual finding by the JCC that the claimant "was subject to disciplinary action by her Employer if she did not park in the above described lot ..." Ms. Alvarez only testified that there would be a "problem" if she parked in one of the four spaces directly in front of the building which were reserved for customers. Her supervisor, Al Sarro, testified that employees would be disciplined if they parked in the spaces located in front of the building which were being reserved for customers, but that employees were free to park anywhere else. As a matter of custom they parked in the public lot across the street, which was the only practical place available, according to Mr. Sarro.
The going and coming rule provides that injuries sustained by an employee going to or coming from work are not compensable. There is an exception to the going and coming rule, called the premises rule. Under the premises rule, an injury sustained by an employee with fixed hours and place of work who is injured while going to or coming from work is in the course of employment if it occurred on the employer's premises and not if it occurred off the employer's premises. There are further exceptions to the premises rule itself under which certain off-premises injuries are considered compensable.
The going and coming rule, the exception thereto known as the premises rule, and the exceptions to the premises rule are explained in Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986), review denied mem., 506 So.2d 1041 (Fla. 1987). Under the exceptions to the premises rule, off-premises injuries may be compensable if certain circumstances are present. Those circumstances include special hazards on the normal route to work, travel on the public way between two parts of an employer's business, and injury in an area which is customarily used by the employer for his own purposes. Id. at 662. The JCC held that this injury was compensable under the last of these exceptions because the public lot was habitually being used for the benefit of the employer, thereby bringing this off-premises injury within the "zone and environments" of Ms. Alvarez' employment. To the extent this conclusion is based upon the JCC's incorrect factual premise that employees were subject to discipline if they did not park in that lot, the JCC's order is without foundation. Furthermore, the interpretation of the JCC is an unwarranted expansion of the premises rule and its exceptions, and constitutes error as a matter of law.
The crucial question is not whether the claimant was directed to park in the lot in which she was injured, instead of closer spaces. Rather, to fit within this exception to the premises rule, the lot in which the injury occurred must be under some control or subject to some special use by the employer. See, e.g., Ocean Pavilion v. Betancourt, 578 So.2d 467, 469 (Fla. 1st DCA 1991) (off-premises injury not compensable in absence of evidence that the employer ever modified, *1026 closed, controlled or habitually used the road where the injury took place for its own purposes). In other words, the employer's use of the property must be for purposes other than those shared by the general public. The case cited in Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986), review denied mem., 506 So.2d 1041 (Fla. 1987) as an example of this exception to the premises rule is Fernandez v. Consolidated Box Co., 249 So.2d 434 (Fla. 1971). In that case, the public street where the injury occurred was never used by the public and had been thoroughly taken over by the employer for its sole use. In contrast, this injury took place in a public parking lot, and there is no evidence that the lot was used by the employer or its employees in any way materially different from the public in general.
In El Sirocco Motor Inn, Inc. v. Prekop, 207 So.2d 434 (Fla. 1968) the claimant was injured when she slipped and fell after parking in a vacant lot across the street from her place of employment. The employer neither owned, leased nor maintained the parking lot. However, the lot where the injury occurred was customarily used for employee parking. That customary use of a public parking lot was not sufficient to make the injury compensable under this exception to the premises rule. The Florida Supreme Court held that the injury was not compensable, and was precluded under the going and coming rule.
In contrast, in Maas Brothers v. Peo, 498 So.2d 657 (Fla. 1st DCA 1986) a different fact situation led to the opposite result. As in El Sirocco Motor Inn, Inc. v. Prekop, the employer in Maas Brothers v. Peo neither leased, owned nor maintained the parking lot. Parking spaces near the store entrances were being reserved for customers. Therefore, employees had been directed to park in a particular area of the public parking lot. The employee was injured in the parking lot, and the injury was held to be compensable. However, the distinguishing fact is that the area of the lot in which the employees were required to park was near some ongoing construction work which created a special hazard which led to the claimant's injury. That case does not conflict with El Sirocco Motor Inn, Inc. v. Prekop because the court expressly ruled that the injury did not take place on the employer's premises in any sense. See also Kash-N-Karry v. Johnson, 617 So.2d 791, 792, 794 (Fla. 1st DCA), review denied mem., 629 So.2d 133 (Fla. 1993). The claimant in Kash-N-Karry was injured while travelling from her parked car to her place of employment. The employer neither leased, owned nor maintained the parking lot, but had some indirect control through the terms of the building lease which required the landlord to maintain the common area which encompassed the parking lot. Employees were required to park away from the entrance so as to preserve those spaces for customers. The JCC had found the injury compensable under the special hazard exception to the premises rule. This court reversed. In doing so, this court also rejected an argument that the injury should be found compensable as having taken place on the employer's premises, stating that such a result would be contrary to Maas Brothers v. Peo.
We conclude that in the absence of any evidence of actual domination or control by the employer over the parking lot and its use, this injury is not compensable under any exception to the going and coming rule. The award of attorney's fees must also be reversed, as it was based upon the determination of compensability. Accordingly, this case is REVERSED and REMANDED with instructions to enter an order denying the compensability of this claim.
ZEHMER, C.J., and WENTWORTH, Senior Judge, concur.