SHIVERS, Senior Judge.
Elizabeth Dunnam (“Dunnam”) appeals a workers’ compensation order denying com-pensability based upon application of the “going or coming” rule contained in section 440.092(2), Florida Statutes (1993). Finding that the Judge of Compensation Claims (JCC), in denying compensability, did not properly construe section 440.092(4), Florida Statutes (1993), we reverse.
Dunnam, 26, was injured in an automobile accident on November 7, 1993. At the time of the accident, Dunnam was employed by Olsten Quality Care and was required to provide care to patients in their homes. Dunnam was restricted to making one visit per client per day, each visit a minimum of an hour and a half. For each visit, Dunnam was paid a flat fee by Medicare or Medicaid on behalf of the client. While Dunnam testified that her employer had told her that travel expenses were included in the flat fee, her employment agreement was apparently silent on this issue. On those rare occasions when Dunham was required to travel outside of a twenty-mile radius, she could make a claim for mileage.
Dunnam left her house between six-thirty and seven the morning of the accident and visited about five clients that day. The accident occurred at approximately two-thirty in the afternoon, while Dunnam was going home to eat lunch. She had already spent an hour and a half at the last client’s house, and had completed the paperwork for that day’s visit with the client.
It is undisputed that, on her way home, Dunnam sustained substantial injuries in a car accident. She filed a workers’ compensation claim, alleging that she was acting within the course and scope of her employment while traveling to her home.
A hearing was held on October 14, 1993, restricted (by stipulation of the parties) to the threshold issue of compensability. The JCC heard the testimony of Dunnam only. The parties stipulated that she was a “traveling employee” within the meaning of section 440.092(4), Florida Statutes (1993). Based upon Dunnam’s testimony, the JCC determined that Dunnam had finished her job duties for the day. He determined that, even though she was a “traveling employee,” she was not “in a travel status” at the time of her accident.
Reading sections 440.092(2) and (4) in pari materia, the JCC ruled that workers’ compensation coverage was precluded by the *950 “going or coming” rule, codified in section 440.092(2), Florida Statutes (1993). This appeal followed.
The factual findings of the JCC are not in dispute and are supported by competent, substantial evidence.[1] The key legal issue in this case is whether Dunnam, as a traveling employee within the meaning of section 440.092(4), Florida Statutes, fell within an explicit statutory exception to the “going or coming rule” codified in section 440.092(2), Florida Statutes. Appellant argues that, pursuant to this exception, Dun-nam was deemed to be acting within the course and scope of her employment, even though she was returning home to eat lunch after having completed her job duties for the day. Appellee, in contrast, urges that section 440.092(4) be read to be consistent with section 440.092(2), so that workers’ compensation coverage would not apply to accidents occurring during travel to and from an employee’s home.
Section 440.092(4), Florida Statutes (1990) provides, in pertinent part, that:
[a]n employee who is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits under this Chapter only if the injury arises out of and in the course of his or her employment while he or she is actively engaged in the duties of his or her employment, which shall include travel necessary to and from the place where such duties are to be per-formed_
(Emphasis supplied). Consistent with Appel-lee’s argument, the JCC found that, even though Dunnam was a “travelling employee” within the meaning of section 440.092(4), Florida Statutes, compensability was precluded in this case by operation of section 440.092(2), Florida Statutes (1993) (codifying the “going or coming” rule).
Appellants have characterized the legal issue raised in this appeal as one of first impression, requiring the Court to interpret the interrelationship between two statutory provisions which, on their face, appear to be in conflict with one another.[2] Both parties have raised numerous arguments,[3] citing dif *951 ferent rules of statutory construction, intended to guide this Court in its resolution of the apparent conflict.
Appellant argues that subsection (2) should be read to contain the general rule regarding all employees, and subsection (4) to contain the specific rule regarding traveling employees, only, providing them with coverage during any and all times of travel. Appellee argues, conversely, that subsection (4) should be construed to cover traveling employees, but only as to travel undertaken at times other than when going to or coming from the employee’s home.
The better course (as argued by Appellant in the alternative) is provided by applying the reasoning set forth in Kash-N-Karry v. Johnson, 617 So.2d 791, 793 (Fla. 1st DCA 1993). Pursuant to this analysis, there is no conflict between the two provisions.
In Kash-N-Karry, the claimant slipped and fell while traveling from her parked ear to the entrance of the store in which she worked. The JCC awarded workers’ compensation benefits, applying the “special hazard” rule (finding that the “special hazard” was a yellow, painted area in claimant’s path which had caused her to fall). The “special hazard” rule, as adopted in Naranja Rock Co. v. Dawal Farms, 74 So.2d 282, 286 (Fla.1954), provided that, “[w]here there is a special hazard on a normal route used by an employee as a means of entry to and exit from his place of work, the hazards of that route under appropriate circumstances become the hazards of the employment.”
In Kash-N-Karry, the E/C argued on appeal that the common law rule had been abrogated by the “going or coming” provisions contained in section 440.092(2), Florida Statutes. This Court (reversing on other grounds), opined that it had not, stating:
Likewise, appellant’s contention that section ⅛⅛0.092(2), Florida Statutes (Supp.1990), abolished the special hazard rule is misplaced. The statute speaks only to the employer-provided transportation rule, as set forth in eases such as Povia Brothers Farms v. Velez, 74 So.2d 103 (Fla.1954) (when an injury occurs as an incident to transportation provided by the employer as part of the employment contract, the injury is compensable). Had the Legislature intended to abolish or limit the special hazard rule, it would expressly have done so. See University of Florida, Institute of Agricultural Services v. Karch, 393 So.2d 621, 622 (Fla. 1st DCA 1981).
617 So.2d at 793.
Here, similarly, had the legislature intended to abolish or limit the traveling employee rule, it could have expressly done so (as it did, in part, in the 1994 amendment). Rather than abrogating the “traveling employee” exception, it appears that the legislature, in the 1990 version of section 490.092(4), actually codified it.
Based upon this analysis, the JCC erred in denying workers’ compensation benefits in this case on the basis of the “going or coming” provisions contained in section 440.092(2), Florida Statutes. Accordingly, the order under review is REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and KAHN, JJ., concur.

. In this case, the JCC based his conclusion that Dunnam had finished her job duties for the day on the following factual bases:
(1) Dunnam had already provided one and a half hours of care to her last patient (the minimum amount required for payment of the flat fee by Medicare) at the time she went home for lunch.
(2) Dunnam could not claim additional monies for further services provided to her last patient had she returned to the patient’s home after lunch.
(3) Dunnam had completed the paperwork required to receive payment for the services rendered to her last patient at the time she went home to eat lunch.
Each of these bases is supported by competent substantial evidence.

. Effective 1 January 1994, the provisions of Section 440.092(4), Florida Statutes (1994 Supp.) have been made consistent with those set forth in Section 440.092(2). The 1994 amendment to the statute evidences a substantive change, in explicit derogation of the common law exception. The current version of the statute now reads:
(4) Travelling Employees. — An employee who is required to travel in connection with his employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of his employment while he is actively engaged in the duties of his employment. This subsection applies to travel necessarily incident to the performance of the employee’s job responsibility, but does not include travel to and from work as provided in subsection (2).
Section 440.092(4), Florida Statutes (1994 Supp.) (Emphasis supplied). The Staff Analysis to this provision does not indicate that it is a clarification. Rather, the Senate Staff Analysis and Economic Impact Statement to the Senate Bill 12C states:
Amends s. 440.092, F.S., relating to travelling employees. This section provides that injuries suffered by an employee while in travel status are compensable where the travel is necessarily incident to the performance of the employee’s job responsibility but an injury suffered during travel to and from work is not compen-sable.
Staff Analysis, SB 12C, p. 7, sec. 5.

.The first of Appellant's arguments — that Dun-nam’s activities fall within the "other duties reasonably required by the travel status" provision of sec. 440.092(4) — is quickly dispelled as a ground for reversal. There is competent, substantial evidence to support the JCC’s finding that Dunnam had completed her job duties for the day at the time of her accident. See footnote 1, supra. It is thus irrelevant that the employee, having finished her work for the day, was going home to eat her lunch.