704 So.2d 136 (1997)
Robert W. SCHOENFELDER, Appellant,
v.
WINN & JORGENSEN, P.A., and Nationwide Insurance Company, Appellees.
No. 96-4322.
District Court of Appeal of Florida, First District.
November 19, 1997.
Robert W. Schoenfelder, St. Petersburg; Bill McCabe, Longwood, for Appellant.
Tirso M. Carreja, Jr., and Warren K. Sponsler of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellees.
ERVIN, Judge.
This is an appeal from a workers' compensation order concluding that the injury appellant, Robert W. Schoenfelder, sustained was not compensable under the going and coming rule,[1] which bars recovery for injuries that occur when a claimant is en route to or from work. We conclude that under the facts of this case, Schoenfelder's injury occurred in the course of his employment, and therefore reverse.
*137 Schoenfelder is an attorney who was employed by appellee, Winn & Jorgensen, P.A. Schoenfelder took a client's case file home the evening of April 17, 1995, to prepare for the deposition of a physician the following morning at 8:30. The parties stipulated that on April 18, Schoenfelder began preparing for the deposition between 7:00 and 7:15 a.m., and that while walking to his car to drive to the scheduled deposition, he was struck by a vehicle. The parties also agreed that it was an essential part of Schoenfelder's employment to travel to client's homes, hospitals, courts in different jurisdictions, and various professional offices for physician and expert depositions.
In reaching our decision, we find no significant break or interruption in Schoenfelder's employment activity beginning with his preparation for taking the deposition and his embarkation to the site of the deposition. This type of trip was a regular part of his employment, and it cannot be equated with an employee's routine travel to his or her office to begin a workday. Cf. Advanced Diagnostics v. Walsh, 437 So.2d 778 (Fla. 1st DCA 1983) (medical salesman sustained compensable injury while getting into his car to drive from home to a professional meeting, because such trips were a regular and essential part of his job). Hence, the going and coming rule did not apply to preclude compensation.
We find Glasser v. Youth Shop, 54 So.2d 686 (Fla.1951), distinguishable. There the claimant had completed the work that he had commenced at home after arising from sleep and was injured thereafter while descending the stairs for breakfast before leaving for the store where he worked. In contrast, Schoenfelder had begun his work at home, was still engaged in his task when he was hurt, and was not on the way to his regular place of employment.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., and KAHN, J., concur.
NOTES
[1] Codified at section 440.092(2), Florida Statutes (1995).