PER CURIAM.
Caroline Gilbert, the claimant and a former assistant manager for the employer-ap-pellee, Publix Supermarkets, appeals an order of the Judge of Compensation Claims denying compensability for the injuries she sustained in an automobile accident which occurred at approximately 3:45 a.m. on January 26, 1995, en route from her home to her place of employment at Publix. We affirm on all issues, but write briefly to address the compensability question.
Although claimant had completed preparation of a newsletter for Publix at home before embarking on her journey to work, and the newsletter was present in her car at the time of the accident, these facts are not sufficient to compel compensability of her injuries. Competent, substantial evidence in the record supports the finding, that claimant prepared the newsletter at home for her own convenience. This fact was not sufficient to constitute her home a second job site. Thus, it cannot be said that she was injured while traveling between two employment premises and was thereby excepted from the going and coming rule. See Santa Rosa Junior College v. Workers’ Compensation Appeals Bd., 40 Cal.3d 345, 220 Cal.Rptr. 94, 708 P.2d 673 (Cal.1985). Similarly, although preparation of the newsletter was an employment duty, it was not necessary that the newsletter be brought to work the morning of January 26,1995. The purpose of claimant’s commute early that morning was to carry out her responsibilities relating to opening the store at 4:00 a.m. Her delivery of the newsletter was merely an incidental part of the trip. She would not have made the drive if the personal motive (going to work) was removed. Swartz v. McDonald’s Corporation, - So.2d -, 1998 WL 821772, 23 *1223 Fla. L. Weekly D2521 (Fla. 1st DCA, November 12, 1998).
AFFIRMED.
BENTON, VAN NORTWICK and PADOVANO, JJ., CONCUR.