765 So.2d 987 (2000)
FLORIDA HOSPITAL, Appellant,
v.
Evelyn GARABEDIAN, Appellee.
No. 1D99-3262.
District Court of Appeal of Florida, First District.
September 12, 2000.
*988 Michael D. Rouse and Jodi K. Mustoe of Cox & Rouse, P.A., Orlando, for appellant.
Roland P. Tan, Jr., Kissimmee, for appellee.
PER CURIAM.
The employer, Florida Hospital, appeals from a final order entered by a judge of compensation claims (JCC) finding compensable an automobile accident in which the claimant, Evelyn Garabedian, was injured, and awarding workers' compensation benefits for the injuries sustained by the claimant in the accident. The employer contends that claimant's recovery of compensation is barred by the going-and-coming rule, making the determination of compensability by the JCC in error. Finding no reversible error, we affirm.
The going-and-coming rule, previously recognized in case law, has been codified in section 440.092(2), Florida Statutes (1997), as follows:
GOING OR COMING.An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
Another provision of the statute pertinent to this case is found in section 440.092(4), Florida Statutes (1997):
An employee who is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of employment while he or she is actively engaged in the duties of employment. This subsection applies to travel necessarily incident to performance of the employee's job responsibility but does not include travel to and from work as provided in subsection (2).
Because the uncontradicted evidence in this case clearly established that the claimant was "required to travel in connection with ... her employment," her injury is compensable if it arose while she was "actively engaged in the duties of employment." The dispositive issue in this case, therefore, is whether the JCC properly exempted claimant's automobile accident from the going-and-coming rule on the theory that claimant's home constituted a second "job site" to which she was traveling before the completion of her work day. We conclude that the record amply supports the JCC's finding.
Claimant, who worked for the employer as a home health aid, was injured on June 24, 1997, as she was driving home from a mandatory staff meeting. The automobile she was driving was struck from the rear as she approached a stop light. She sustained injuries to her back as a result of the accident.
Claimant's job required her to travel to patients' homes in a certain geographic area and to assist them in their daily hygiene, light housekeeping, and grocery shopping needs as required by a physician. Claimant was required to visit the office of the employer only for about 10 to 15 minutes about three times a week to drop off paperwork and to pick up supplies. Otherwise, her work consisted exclusively of traveling between patients' homes and performing the various necessary errands required for her patients' needs.
Claimant's average work day would begin around 7:00 or 8:00 a.m. with a call to the main office of the employer to verify her day's assignments. After obtaining her schedule, claimant would then begin traveling to patients' homes to provide the needed services. On each visit to a patient's home, claimant was required to fill out forms regarding the appointment and to have the patient or the patient's care giver sign a written care plan. Claimant's day would normally end around 2:30 or 3:30 p.m., at which time she would travel *989 to her home and prepare for the next day's work activities by calling into the office for her assignments, and calling the patients on the schedule for the following day. At home, claimant would also begin preparing her home visit record for the next day by outlining on the forms which patients she was scheduled to see.
The testimony from the claimant and other employees established that claimant's work at home was an essential part of her work requirements. Claimant and similarly situated employees received pay from the employer for the time they spent on work at home. Claimant also received compensation and reimbursement for travel between patients' homes and the office; however, she did not receive compensation or reimbursement for travel from her home to the first patient's home of the day, or from her last appointment of the day to her home at the end of the day. Claimant's time sheets, required to be kept for each day, disclosed that on each day she worked in 1997, up to and including the date of the accident, she had recorded time, for which she had been paid, for travel between patients' homes and the office when necessary as well as the approximately 10 to 20 minutes she had spent at home at the end of each day calling in to verify her assignments and planning her next day's schedule.
On the day of the accident, claimant had begun her day at the usual time by calling in to the office to verify her patient assignments. She had been advised that there would be a mandatory staff meeting that afternoon. The staff meeting began at approximately 2:45 p.m. and adjourned at about 4:05 or 4:10 p.m. The automobile accident occurred between 4:20 and 4:30 p.m. Following the accident, claimant continued to her home and engaged in her normal routine of calling the office for assignments, telephoning patients, and preparing for the next day's schedule. Claimant received compensation for her time in attending the staff meeting that day, and for her time spent working at home.
The JCC found from the evidence that the telephone calls and completion of paperwork by claimant at home during the evenings had been "an essential part of the claimant's employment." Further, based upon claimant's testimony that she had continued home after the accident and completed her evening calls and paperwork there, the JCC found that there had been "no significant break or interruption in the claimant's employment activity" from the time she left the employer's staff meeting through the completion of her phone calls and paperwork at home. The JCC concluded, "Since I find the accident to have occurred before her work day was completed, the accident is compensable and is not covered by the going and coming rule."
In seeking reversal, the employer argues that this case is governed by the standards set forth in this court's decision in Swartz v. McDonald's Corp., 726 So.2d 783 (Fla. 1st DCA 1998), rev. granted, 729 So.2d 918 (Fla.1999). The employer asserts that, in Swartz, this court noted that the important question in cases such as this one is whether the claimant would have made the drive on the occasion of her accident if the personal motive, that of going to her home, was removed. The employer further asserts that the claimant's drive home was overwhelmingly personal in nature, and would not have been made absent the personal motive, pointing out that the business activities conducted by claimant at her home could have been performed at any place, i.e., in her car, at the office, or at a patient's home.
The employer correctly points out that the proper inquiry in most cases involving employees who serve some business purpose during their travel to or from work is whether the trip involved the performance of service essential to the business of the employer, such that the travel would have been required even had it not coincided with the employee's personal motive *990 for making the journey. See Swartz, 726 So.2d at 786-87; Gilbert v. Publix Supermarkets, 724 So.2d 1222 (Fla. 1st DCA 1998), rev. granted, 737 So.2d 550 (Fla.1999). However, we are persuaded that this standard does not apply in a case such as this one where a traveling employee has been found not to have completed his or her work tasks for the day before becoming involved in an automobile collision on a trip from one location where work is regularly performed to another.
We are of the view that the holding in Schoenfelder v. Winn & Jorgensen, P.A., 704 So.2d 136 (Fla. 1st DCA 1997), supports the JCC's decision in this case. In Schoenfelder, an attorney was struck by an automobile while walking to his car from his home in the early morning hours in order to drive to a scheduled deposition. See id. at 137. The attorney had taken the client's case file home the previous evening to prepare for the deposition. See id. The parties in Schoenfelder had stipulated that the attorney had begun preparing for the deposition at home that morning before embarking on the journey which resulted in the accident. See id. It had also been stipulated in that case that "an essential part of Schoenfelder's employment" involved "travel to and from clients' homes, hospitals, courts, and various professional offices for physician and expert depositions." Id. On appeal from an adverse decision by the JCC, this court reversed, holding that the attorney's injury had in fact occurred during the course of his employment, and therefore, was not covered by the going-and-coming rule. See id. at 136. In so ruling, this court reasoned that there had been "no significant break or interruption in Schoenfelder's employment activity beginning with his preparation for taking the deposition and his embarkation to the site of the deposition." Id. at 137. This court further noted that the attorney's trip had been a regular part of his employment and could not be equated with the kind of routine travel to and from the office which would otherwise be covered by the going-and-coming rule. See id.
Notwithstanding the employer's arguments to the contrary, we think it irrelevant under the facts of this case that the job duties performed by claimant at home could have been performed at another location. As this court stated in Evans v. Handi-Man Temporary Servs., 710 So.2d 132 (Fla. 1st DCA 1998): "[I]t is immaterial whether an employee has other means of [accomplishing a job-related task], so long as the employee is acting `in a method and manner' authorized by the employer." Id. at 135. The findings of the JCC in this case which, as the employer concedes, are supported by competent substantial evidence, clearly demonstrate that the standards of compensability set forth in Schoenfelder and Evans have been met.
Because the claimant here was a traveling employee, it was unnecessary for the JCC to make a finding concerning whether the travel in question would have been made absent the existence of a personal motive for making the trip home. The Swartz and Gilbert decisions, relied upon by the employer, involved injuries sustained by non-traveling employees during trips home which also served some business purpose. By contrast, the claimant's trip in this case did not involve some mere incidental business purpose, but was in pursuance of her regular, routine, and authorized employment duties. The JCC's order finding compensability is, therefore, affirmed.
ERVIN and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.