KAHN, J.
This workers’ compensation case involves application of the traveling employee exception to the going and coming rule. We reverse the order denying compensa-bility because the Judge of Compensation Claims (JCC) took an overly narrow view of the exception.
Claimant Anna McCormick works as an accountant in the Tampa office of the State Auditor General. Claimant lives on South Westshore Boulevard in Tampa, approximately five miles from the office. That office, however, audits entities in Pinellas, Sumter, and Citrus counties. '
When claimant works in the Tampa office, she leaves home at approximately 7:40 a.m. and arrives at work at 8:00 a.m. She leaves the office at 4:30 p.m. and arrives home at 4:45 p.m. and is not reimbursed for mileage while driving between her home and office. Claimant spends the ma *613 jority of her time doing field audits. When she goes to an audit site, her actual hours mirror those of the agency she is auditing. She is a salaried employee, and her base salary is the same no matter where she conducts an audit. When she audits an agency that is remote from Tampa, however, claimant gets reimbursed $0.29 per mile for mileage to and from that agency’s office. She also receives a per diem allowance for lunch when she conducts an audit away from Hillsborough county.
At the time of the accident that gave rise to this claim, claimant was conducting an audit of the Sumter County School Board in Bushnell. This job required a 136-mile round trip each day. Claimant would leave her home at 7:00 a.m. in order to arrive at the Sumter County School Board office by 8:00 a.m. She would normally arrive home at 5:15 or 5:30 p.m. after making the one-hour drive from Bushnell at the conclusion of the day. On Monday, August 17, 1998, claimant completed her work at the Sumter County School Board and began her drive home on Interstate 75. While driving through Pas-co County, claimant was involved in an automobile accident and, as a result, incurred medical bills and missed work.
In response to claimant’s petition for benefits, the appellee argued that the accident would not be compensable because of the going and coming rule. The JCC agreed with the appellee and denied com-pensability. In her order, the JCC considered the applicability of the traveling employee statute and concluded that “the only way this accident could be exempted from the going or coming rule would be if it occurred while the claimant was traveling between two places of employment.”
This case involves two statutory provisions in chapter 440. Frist, the case involves section 440.092(2), Florida Statutes (1997), the codification of the going and coming rule:
GOING OR COMING. — An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
Also involved is the codification of the traveling employee’s rule, found in section 440.092(4), Florida Statutes (1997):
TRAVELING EMPLOYEES. — An employee who is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of employment while he or she is actively engaged in the duties of employment. This subsection applies to travel necessarily incident to performance of the employee’s job responsibility but does not include travel to and from work as provided in subsection (2).
Section 440.092(4) applies to this case because claimant was regularly required to travel to audit sites in connection with her employment. See Florida Hosp. v. Garabedian, 765 So.2d 987, 989-90 (Fla. 1st DCA 2000). This court has characterized the traveling employee statute as “an explicit statutory exception” to the going and coming rule. Dunnam v. Olsten Quality Care, 667 So.2d 948, 950 (Fla. 1st DCA 1996).
Viewing the two statutes together, we are unable to agree with the JCC’s conclusion that a traveling employee is only exempt from the going and coming rule while traveling between two places of employment. Under the view adopted by the JCC, and advanced by appellee at oral argument, claimant was exempted from workers’ compensation coverage as soon as she walked out of the Sumter County School Board office and got into her car. This constitutes an impractical application of the rule for at least two reasons. Frist, claimant received reimbursement for her *614 travel expenses for the entire distance from the Sumter County School Board to her house. Second, to comply with the needs of the employer, claimant had to regularly encounter the hazards of a one-hour drive on an interstate highway rather than simply make the short drive from her home to the Auditor General’s Tampa office.
We conclude that during the trip home, for which she was compensated, claimant was a traveling employee entitled to the statutory exception to the going and coming rule. See Standard Distribution Co. v. Johnson, 445 So.2d 663, 664 (Fla. 1st DCA 1984) (“Johnson was a traveling employee who was paid for the use of his car on his employer’s business. These are exceptions to the going-and-eoming rule, thus, his accident and injury while enroute home were covered by the workers’ compensation act.”). We decline to construe the traveling employee statute to allow a going-and-coming exception that would abrogate workers’ compensation coverage in every case once the employee begins travel home, no matter how long or hazardous the route, and no matter whether the employee has been compensated for the travel.
REVERSED.
BOOTH, and BROWNING, JJ„ CONCUR.