ERVIN, J.
In this workers’ compensation appeal, claimant/appellant, Fred Longo, who was employed by appellee, Associated Limo, as a limousine driver, challenges a final order denying the compensability of injuries he sustained while on an unpaid dinner break. Longo complains that the judge of compensation claims (JCC) erred as a matter of law by failing to take into proper consid *944 eration his status as a traveling employee. We agree and reverse.
The facts reveal that claimant, a resident of Pompano Beach, Florida, had last deposited a fare in Plantation at 7:45 p.m. on April 19, 2000, and was assigned to pick up a customer at the Miami International Airport at 10:00 p.m. He advised the dispatcher that during the interval he would obtain dinner. His accident occurred around 8:25 p.m., while his vehicle was proceeding in the southbound lane of 1-75, which is one of several possible routes that claimant could have taken to the airport. After reviewing the evidence, the JCC concluded that because claimant was on an unpaid dinner break at the time of the accident, he was not then performing a business purpose on behalf of the employer; hence, his injuries did not arise out of the employment, and for such reason the employment could not be considered the major contributing cause of the injuries.
The fact that claimant was on an unpaid dinner break when he suffered his injuries does not disentitle him from compensation. The JCC apparently overlooked the fact that claimant was a traveling employee whose duties consisted of local travel with no fixed site of employment. The rule is firmly established that the going-and-coming rule does not apply to employees in such category, because they are “deemed to be in continuous conduct of [their] employer’s business including those times when [they are] not actually at work but [are] engaged in such normal and necessary activities as eating and sleeping.” Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA 1985).
This court’s case law applying the traveling-employee rule has not been superseded by later statutory amendments. See Ramirez v. Farish, 855 So.2d 1182 (Fla. 1st DCA 2003) (in deciding that claimant’s injuries, suffered in 2000, were compensa-ble because of his status as a traveling employee, the court relied upon a number of cases predating statutory enactments to the going-and-coming and traveling-employee rules, including Leonard); McCormick v. Auditor Gen’l., 772 So.2d 612 (Fla. 1st DCA 2000) (reversing order denying compensability, because claimant, an accountant whose job consisted primarily of conducting field audits in three counties, and who was injured in 1998, while making a one-hour drive from an audit site to her home at the end of the day, was a traveling employee exempt from the going-and-coming rule, noting that she was reimbursed for all driving expenses, and was required by her job to undertake the hazards of driving long distances home, in contrast to the 15-minute drive between the Auditor General’s office and her home); Fla. Hosp. v. Garabedian, 765 So.2d 987 (Fla. 1st DCA 2000) (affirming order holding that home-health aide, whose job consisted of making home visits to patients in her geographical area, was a traveling employee, and thus the going- and-coming rule did not bar compensability of injuries sustained in 1997, while she was' driving home, because she had not completed her normal daily routine of calling the office, calling various patients, and preparing for the next day’s work, all of which she did from home).
In our judgment, Longo’s employment status falls squarely within the traveling-employee rule. Even more than the claimants in Ramirez, McCormick and Garabedian, Longo’s work as a limousine driver consisted exclusively of traveling. In such capacity, he was deemed as a matter of law to be in the service of his employer during his dinner break. Moreover, we consider it entirely reasonable for him to take meal breaks at restaurants during the time he was on duty. Compensability of his injuries logically follows from the above deci- *945 sional law. As a result, his injuries arose out of and in the course of employment; therefore, his employment was the major contributing cause of his injuries.
REVERSED.
BOOTH, J., and SMITH, Senior Judge, concur.