673 So.2d 141 (1996)
Randy THOMAS and Sarah Thomas, Appellants,
v.
PRUDENTIAL PROPERTY AND CASUALTY, etc., et al., Appellees.
No. 95-1385.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
*142 Donald L. O'Dell of McDonough, O'Dell, Wieland, Williams & Krakar, Orlando, for Appellants.
Steven W. Igou and D. Paul McCaskill, Orlando, for Appellees.
ANTOON, Judge.
In this action for declaratory relief, we affirm the trial court's final judgment.
As Randy Thomas operated his jet ski, he towed his brother, Gary, on an inflatable tube. When the tube collided with a boat parked on the beach, Gary was injured. As a result of this accident, Gary and his wife sued Randy for negligence. Randy, in turn, demanded that his homeowners insurance provider, Prudential Property and Casualty Company (Prudential), provide coverage and a defense to Gary's lawsuit. Prudential responded by filing this declaratory action, asking the trial court to declare that coverage for Gary's accident was excluded by the following provision in Randy's homeowners policy:
SECTION II
Exclusions
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to bodily injury or property damage:
* * * * * *
f. arising out of:
* * * * * *
Watercraft:
(1) with inboard or inboard-outdrive motor power of more than 50 horsepower owned by or rented to an insured.
Prudential asserted that this exclusion applied to Gary's accident because the motor power on Randy's jet ski exceeded 50 horsepower. The trial court agreed and entered judgment in favor of Prudential, cogently setting forth its reasons as follows:
[B]ased upon the evidence presented at trial, I conclude that while there are several generally accepted points on the powertrain of the watercraft in controversy to measure horsepower, the contract between Prudential and [Randy Thomas] clearly mandates that motor horsepower of the watercraft be measured, and not anything else. Since Prudential's policy exclusion is clear and unambiguous and does not violate public policy, I find that the exclusion applies in this case to bar coverage and that Prudential has no duty to indemnify [Randy Thomas] as to the alleged acts of negligence arising out of the boating accident.
On appeal, Randy challenges this ruling, arguing that the trial court erred in finding that the exclusionary language of Prudential's homeowners policy was not ambiguous. In this regard, Randy argues that the exclusion did not apply to Gary's boating accident, notwithstanding his stipulation that his jet ski had an inboard motor with horsepower of 60, because the horsepower of his jet ski's pump was only 20.290. At trial, the parties presented testimony concerning the distinction between pump horsepower and motor horsepower. Randy submitted expert testimony that the estimated pump horsepower for the jet ski in question was 20.290. Prudential meanwhile presented an expert who testified that he had "never seen a watercraft describe its horsepower as estimated pump horsepower." The expert further testified that the NADA listed Randy's jet ski as having 60 horsepower, and that the ABOS rated it as having horsepower of 57.1.
While it is true that an ambiguity may exist in an insurance policy when the terms of the contract are subject to different interpretationsone of coverage and one of exclusionour courts should not put strain and unnatural construction on the terms of the policy in order to create uncertainty or ambiguity. Weldon v. All American Life Insurance Company, 605 So.2d 911 (Fla. 2d DCA 1992); Jefferson Insurance Company of New York v. Sea World of Florida, Inc., 586 So.2d 95 (Fla. 5th DCA 1991). Instead, insurance contracts must be read in light of the skill and experience of ordinary people, and given their everyday meaning as understood by the "man on the street". Lindheimer v. St. Paul Fire and Marine Insurance Company, 643 So.2d 636 (Fla. 3d DCA 1994), rev. denied, 651 So.2d 1194 (Fla.1995). *143 Applying everyday meaning to the language of the instant policy, and not straining for a contrary interpretation, the exclusionary language referring to motor power of a watercraft is unambiguous and must be enforced. Accordingly, we affirm.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.