699 So.2d 268 (1997)
Andrea D. MASON, Appellant,
v.
FLORIDA SHERIFFS' SELF-INSURANCE FUND, et al, Appellee.
No. 96-1158.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
Rehearing Denied September 26, 1997.
William L. Townsend, Jr., of Walton and Townsend, Palatka, for Appellant.
*269 John C. Cooper and James E. Messer, Jr., of Cooper, Coppins & Monroe, P.A., Tallahassee, and Ronald A. Mowrey, of Mowrey & Newman, Tallahassee, for Appellee.
THOMPSON, Judge.
Andrea D. Mason appeals an order that dismissed with prejudice her complaint against the Florida Sheriffs' Self-Insurance Fund ("the Fund"). She sued the Fund for its failure to defend or indemnify Deputy David A. McNally when she sued him for damages arising out of an alleged sexual battery. We affirm.
In her complaint, Mason alleged that McNally received a warrant for her arrest, and, in exchange for not serving the warrant, he demanded sexual intercourse. McNally, in uniform, confronted Mason with the warrant in her home, and proposed that he would pretend he could not find her if she had sexual intercourse with him. He told her that he would arrest her on the warrant if she did not agree. Mason submitted to McNally under the duress, had intercourse with him, and McNally left without serving the warrant.
Mason then sued McNally in federal court, alleging a violation of her civil rights under 42 U.S.C. § 1983. In the federal case, Mason and McNally entered a stipulated judgment in favor of Mason for $100,000, and a judgment for that sum was entered against McNally. As part of the stipulation, McNally assigned to Mason his rights against the Fund for its failure to provide him a defense and indemnity. In exchange for the assignment, Mason agreed that she would not attempt to execute the judgment against McNally until the litigation against the Fund concluded, and that the time for execution of the judgment would expire two years after the conclusion of the litigation against the Fund.
Mason's state complaint sought damages for the Fund's refusal to provide a defense or coverage for McNally in connection with the federal case. Mason alleged that the stipulation, which was attached to her state court complaint, established McNally's culpability and liability.
The trial court dismissed the state complaint with prejudice and entered judgment in favor of the Fund, finding there was no coverage. The court determined three bases for finding no coverage: 1) McNally's acts were criminal acts constituting sexual battery, battery, and extortion; 2) public policy of the state precluded coverage for such intentional acts as sexual battery; 3) McNally's conduct was outside the scope of his employment. Mason timely appeals.
The first issue for our consideration is whether the policy, which provides coverage for battery, excludes coverage for sexual battery. The policy provides at Part IV, paragraph 3 that:
Subject to the terms, conditions and limitations of this agreement, the Fund assets may be used to pay on behalf of the Sheriff all sums which the Sheriff shall become legally obligated to pay as damages because of claims for false arrest, assault and battery, false imprisonment, malicious prosecution, false or improper service of process, libel or slander, defamation of character, violation of property rights, wrongful eviction, wrongful entry, humiliation and invasion of the rights of privacy and violation of constitutional rights, growing out of the performance of the duties of Sheriffs, or their deputies, or their employees, during the effective period of this agreement. (Emphasis added.)
The policy also provides at Part VI, paragraph 1(1), that it does not apply to, among other things, "claims against the Sheriff or any other insured alleging that he has committed a fraudulent, dishonest or criminal act." Mason argues that battery, claims for which are covered under the coverage provision of the policy, is always a criminal act. Sexual battery, she argues, which is a species of battery and which is always a crime, must also be covered by the policy. If the policy can be read to exclude coverage, she argues, then the exclusion, which excludes from coverage claims alleging acts that are criminal, creates an ambiguity in the policy that must be resolved in favor of coverage.
The two provisions cannot be reconciled because the policy simply gives on the one hand and takes away on the other. The trial court relied on Aromin v. State *270 Farm Fire & Casualty Co., 908 F.2d 812 (11th Cir.1990),[1] but Aromin can be distinguished. Unlike the policy in Aromin, where the exclusion limited the class of covered claims to the subset of those involving unintended harm, the exclusion for criminal acts in the instant policy does not limit the class of battery claims to a subset because all batteries are criminal. In the instant case, applied to an act of battery, the coverage provision and the exclusion provision create ambiguity. As the policy is drafted it is impossible to discern what the policy is intended to cover and what it is intended to exclude.
However, that does not end our inquiry. Technically, sexual battery is a form of battery, but is sexual battery what is commonly meant by the term "battery?" Insurance contracts must be read in light of the skill and experience of ordinary people, and be given their everyday meaning as understood by the "man on the street". Thomas v. Prudential Property and Cas., 673 So.2d 141 (Fla. 5th DCA 1996). Since the everyday meaning of battery does not mean rape, the policy should not be construed to cover it. Further, the policy provides coverage for a list of specific acts that does not include rape. Since the inclusion of one thing implies the exclusion of the other, U.S. v. First National Bank of Crestview, 513 So.2d 179 (Fla. 1st DCA 1987) (maxim "expressio unius est exclusio alterius" applies to contracts as well as statutes), the enumeration of particular covered acts should be construed to exclude all of those not expressly mentioned, including rape. Because the policy does not cover rape the court correctly dismissed Mason's complaint.
Further, we agree with the trial court that public policy precludes a holding that there is coverage. The general rule is that one may not insure against one's own intentional misconduct because the availability of insurance will directly stimulate the intentional wrongdoer to violate the law. Ranger Ins. Co. v. Bal Harbour Club, Inc., 549 So.2d 1005, 1007 (Fla.1989), (citing 12 J. Appleman & J. Appleman, Insurance Law and Practice § 7031 (1981); 9 G. Crouch, Crouch Cyclopedia of Insurance Law § 39.15 (1985)). The court held in Ranger that public policy precluded an insured from being indemnified for intentional acts of religious discrimination. Sexual battery is as egregious and as offensive as religious discrimination. Therefore, based on Ranger, we hold that public policy precludes coverage. See also Lindheimer v. St. Paul Fire and Marine Ins. Co., 643 So.2d 636 (Fla. 3d DCA 1994) (denial of coverage supports public policy under Ranger where dentist sexually molested patient after administering anesthesia), rev. denied, 651 So.2d 1194 (Fla.1995).
Finally, the Fund argues that there is no coverage because McNally's act was outside the course and scope of his employment. Deputy McNally's actions were not in furtherance of the purpose of serving his employer, the sheriff, and we do not find a causal relationship between the duties of a deputy sheriff and the commission of a sexual battery to serve the sheriff. Sexual batteries are generally outside the scope of employment. See Nazareth v. Herndon Ambulance Service, Inc., 467 So.2d 1076 (Fla. 5th DCA) rev. denied, 478 So.2d 53 (Fla.1985); City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5th Cir.1965). Even though McNally was on duty, in uniform, and charged with the responsibility of serving a warrant, in no way did he have the authority to use his power to coerce sex. Because there was not even the pretense of lawful right in McNally's performance of this act, it was not with in the scope of his employment. See McGhee v. Volusia County, 679 So.2d 729, 730-731 (Fla.1996) (citing Craft v. John Sirounis and Sons, Inc., 575 So.2d 795 (Fla. 4th DCA 1991)).
Accordingly, we hold that McNally's acts were not covered by the Fund.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] We also agree with Mason that there is no difference between the tort of battery and the crime of battery. Compare § 784.03, Fla. Stat. (1995), with City of Miami v. Sanders, 672 So.2d 46 (Fla. 3d DCA), (setting forth elements of tort battery), rev. denied, 683 So.2d 484 (Fla.1996).