907 So.2d 1187 (2005)
T. Alec RIGBY, Appellant,
v.
UNDERWRITERS AT LLOYD'S, LONDON, Appellee.
No. 3D04-1202.
District Court of Appeal of Florida, Third District.
May 25, 2005.
Rehearing and Rehearing Denied August 17, 2005.
*1188 Colson Hicks Eidson and Joseph M. Matthews, Coral Gables, for appellant.
Duane Morris, Eric Saida, Miami, and Timothy R. Dudderar, New York City, NY, for appellee.
Before GERSTEN, FLETCHER and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied August 17, 2005.
FLETCHER, Judge.
T. Alec Rigby seeks reversal of the trial court's decision denying insurance coverage under a policy issued by Underwriters At Lloyd's, London. The trial court concluded that the plain language[1] of the policy unambiguously excludes coverage of Rigby's claim. We disagree and reverse.
Rigby is a former president and director of Atlas Environmental, Inc., which was in the business of operating landfill facilities and providing petroleum soil decontamination and trucking services. In 1997 Atlas filed for Chapter 11 bankruptcy relief, which, in 1999, was converted to Chapter 7, at which time Soneet Kapila was appointed permanent Chapter 7 trustee.
Prior to the bankruptcy filing, Lloyd's issued a Directors and Officers Liability and Company Reimbursement policy[2] to Atlas, and continued to issue renewals of the policy during the bankruptcy proceedings. After his appointment as permanent Chapter 7 trustee Kapila requested that Lloyd's list him as an insured under the policy. In response Lloyd's, for an additional premium, issued endorsements to the policy, adding Kapila as an insured.
In 2000 Kapila, specifically as trustee, filed an adversary complaint against Rigby on behalf of Atlas' creditors in the bankruptcy proceeding for Rigby's negligence and breach of his fiduciary duties as an Atlas officer.[3] Rigby sought defense and indemnity of the trustee's claim from Lloyd's pursuant to the directors and officers liability policy. In response Lloyd's denied coverage under the policy's insured versus insured exclusionary clause.[4] The clause provides:
"[Lloyd's] shall not be liable to make any payment in connection with any Claim:
. . . .
F. by, on behalf of, or at the direction of any of the Assureds, except and to the *1189 extent such Claim is brought derivatively by a security holder of the Company who, when such Claim is first made, is acting independently of all of the Assureds."
Under the definition provisions of the policy "Assureds means the Company and the Directors and Officers." "The Directors and Officers" as originally defined are:
"Directors and Officers means all persons who were, now are, or shall be directors or officers of the Company including their estates, heirs, legal representatives or assigns in the event or their death or bankruptcy."
As we previously noted, after Kapila was appointed as permanent Chapter 7 trustee, he requested that Lloyd's list him as an insured, which Lloyd's did by definition amendment:
"IN CONSIDERATION of the premium charged for this Certificate, it is hereby understood and agreed that Clause II. DEFINITIONS G. is deleted and the following is substituted therefor:
. . . .
G. Directors and Officers means any persons who were, now are or shall be
(1) Directors or Officers of the Company, or
(2) Soneet Kapila."[5]
Lloyd's argues that Kapila is an officer or director, therefore Rigby, as a fellow officer or director, was excluded from the Lloyd's policy coverage pursuant to the insured vs. insured exclusion. We do not agree. Kapila's endorsement as an officer or director did not detract from his function as trustee. Kapila as trustee had filed suit against Rigby on behalf of Atlas' creditors, based upon his statutory duty as trustee under 11 U.S.C. §§ 704(1) and 704(4)[6] to collect and reduce to money the property of the debtor's estate for the benefit of the debtor's creditors. Kapila did not bring the adversary action acting as an officer or director. As a result the insured versus insured exclusion did not apply.
The declaratory judgment of no coverage is reversed and the cause is remanded for further proceedings consistent herewith.
NOTES
[1] Under Florida law, the words utilized in an insurance policy are to be given their plain and ordinary meaning. Sphinx Int'l, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA., 226 F.Supp.2d 1326 (M.D.Fla.2002); Thomas v. Prudential Prop. & Cas., 673 So.2d 141 (Fla. 5th DCA 1996).
[2] A directors and officers liability and company reimbursement policy provides, inter alia, financial protection for corporate directors and officers in the event they are sued in conjunction with the performance of their duties as they relate to the company.
[3] The style of the adversary complaint against Rigby was In Re: Atlas Environmental, Inc; Soneet R. Kapila, as trustee v. T. Alec Rigby.
[4] After which Rigby agreed to entry of judgment against him in the adversary action brought by the trustee and filed the instant action against Lloyd's seeking a declaration of coverage.
[5] As in the original definition, the new definition includes "their estates, heirs, legal representatives or assigns in the event of their death, incapacity or bankruptcy."
[6] Which reads in pertinent part:

"(a) The trustee shall 
(1) collect and reduce to money the property of the estate for which such trustee serves . . .
. . . .
(4) investigate the financial affairs of the debtor; . . ."