962 So.2d 1021 (2007)
Angela Hamilton KEEN, Appellant,
v.
FLORIDA SHERIFFS' SELF-INSURANCE FUND, Appellee.
No. 4D06-1599.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Eric G. Belsky of Johnson, Leiter & Belsky, Fort Lauderdale, and Eric H. Luckman of Eric H. Luckman, P.A., Boynton Beach, for appellant.
Ronald A. Mowrey, Stephen E. Mitchell and Rick A. Savage of Mowrey & Mitchell, P.A., Tallahassee, for appellee.
*1022 WARNER, J.
The trial court entered summary judgment on appellant's declaratory judgment action, concluding that appellee, Florida Sheriffs' Self-Insurance Fund ("Fund"), had no duty to cover or defend appellant's claim against the Sheriff of Indian River County for damages arising out of a sexual assault by one of the sheriff's employees. We agree with the trial court and affirm.
While appellant Angela Keen was incarcerated in the Indian River County Jail, Keen was sexually assaulted by Deputy Paul Harrison, the sheriff's deputy who supervised the jail trustees. Deputy Harrison used his position of authority to threaten and coerce Keen, and she believed that he could adversely affect her trustee status and release date if she declined his advances. He was criminally prosecuted for the incident, convicted, and sentenced.
Keen later filed suit against both the Sheriff and the deputy, asserting the following claims: (a) negligence by the Sheriff's Office in the operation of the Indian River County Jail; (b) statutory and vicarious liability of the Sheriff's Office for the alleged conduct of Deputy Harrison; and (c) a cause of action against both the Sheriff and Deputy Harrison under Title 42 United States Code section 1983 for violation of Keen's civil and constitutional rights. As to Deputy Harrison, Keen alleged that he used his position to coerce her into performing sexual acts without her consent. Harrison notified the Fund of the lawsuit and requested a defense. The Fund refused, and Keen obtained a default against Harrison. Pursuant to an agreement between Keen and Harrison, Harrison consented to judgment against him and assigned to Keen any and all rights or claims he might have against the Fund.
Keen then filed the present declaratory judgment action against the Fund, seeking attorney's fees and damages. She alleged that the Fund breached its obligations to Harrison by failing to provide a defense and coverage to him for the claims she made against him. She demanded entry of a judgment declaring the rights of the parties under the Fund Agreement.
The Fund moved to dismiss the complaint on the grounds that the Fund Agreement excludes coverage for criminal acts, Harrison's acts were outside the scope of his employment, and public policy prohibits indemnifying an insured for his own intentional misconduct. The trial court dismissed the complaint with prejudice, but we reversed, holding that the dismissal was procedurally improper. See Keen v. Florida Sheriffs' Self-Insurance Fund, 854 So.2d 844, 845 (Fla. 4th DCA 2003). On remand, the trial court granted summary judgment, concluding that Mason v. Florida Sheriffs' Self-Insurance Fund, 699 So.2d 268 (Fla. 5th DCA 1997), controlled the case. It held that no coverage was available from the Fund as the policy excludes coverage of criminal acts, and what Keen had alleged was criminal conduct on the part of Harrison. From this final judgment, Keen appeals.
The "Coverage" provision of the Fund Agreement states as follows:
2. . . . The assets of the Fund shall be used to defend any suit against a Covered Member seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. . . .
3. Subject to the terms, conditions and limitations of this Agreement, the Fund assets may be used to pay on behalf of a Covered Member all sums which a Covered Member shall become legally obligated to pay as damages or claims expenses because of claims for false arrest, assault and battery, false imprisonment, *1023 malicious prosecution, false or improper service of process, libel or slander, defamation of character, violation of property rights, wrongful eviction, wrongful entry, humiliation and invasion of the rights of privacy and violation of constitutional rights, growing out of the law enforcement duties of a Covered Member.
(emphasis added).
The "Exclusions" provision of the Fund Agreement provides that the agreement shall not apply to the following:
l) To claims against the Sheriff or any other Covered Member alleging that he has committed a fraudulent, dishonest or criminal act. This exclusion shall not apply to claims of vicarious liability against the Sheriff alleging fraudulent, dishonest or criminal acts by one or more of his deputies or employees.
(emphasis added).
This same policy was analyzed in Mason. In that case, the plaintiff sued a deputy sheriff in federal court in a section 1983 action for sexual battery which she alleged took place when an officer demanded sexual intercourse in exchange for not serving the plaintiff with a warrant for her arrest. The Fund refused to defend the deputy, and the plaintiff entered into an agreement assigning the deputy's rights against the Fund to the plaintiff. The plaintiff then sued the Fund in state court, seeking damages for the Fund's refusal to provide a defense or coverage. The trial court dismissed the plaintiff's complaint, finding no coverage for the deputy's acts. The Fifth District affirmed.
The Fifth District analyzed the identical policy provisions as in this case. The court found that the coverage provision, which provided coverage for assault and battery arising out of the law enforcement duties of a covered member, was in conflict with the exclusion of coverage for criminal acts, rendering the policy ambiguous. However, it noted that the common understanding of the term battery did not include sexual battery or rape. It stated:
Insurance contracts must be read in light of the skill and experience of ordinary people, and be given their everyday meaning as understood by the "man on the street". Thomas v. Prudential Property and Cas., 673 So.2d 141 (Fla. 5th DCA 1996). Since the everyday meaning of battery does not mean rape, the policy should not be construed to cover it. Further, the policy provides coverage for a list of specific acts that does not include rape. Since the inclusion of one thing implies the exclusion of the other, U.S. v. First National Bank of Crestview, 513 So.2d 179 (Fla. 1st DCA 1987) (maxim "expressio unius est exclusio alterius" applies to contracts as well as statutes), the enumeration of particular covered acts should be construed to exclude all of those not expressly mentioned, including rape.
Id. at 270. The court determined that the policy excluded coverage for the sexual battery. We concur with the reasoning of Mason and conclude that no coverage existed for the deputy for this incident.
In addition, the Mason court determined that the deputy was not acting within the course and scope of his employment when he sexually battered the plaintiff, even though he was in uniform at the time. "Because there was not even the pretense of lawful right in McNally's performance of this act, it was not with in the scope of his employment." Id.
Also on point is Lindheimer v. St. Paul Fire & Marine Insurance Co., 643 So.2d 636 (Fla. 3d DCA 1994) (en banc). There, a dentist sexually assaulted a patient. The dentist's insurance policy provided coverage for claims that "arise out of the profession" or for claims that "result from professional services." The court stated that whether an act results from the nature of a *1024 particular service is determined by focusing upon the particular act itself. "[T]he fact that an act occurred in a professional's office does not automatically transmute the act into a professional service. . . . There must be some causal connection between an act and the nature of the doctor-patient relationship." Id. at 638. The court found that the dentist's sexual assault was not causally connected to the professional services "regardless of the `pretense of medical care used by the insured to catch his victim unaware.'" Id. at 639 (quoting New Mexico Physicians Mut. Liability Co. v. LaMure, 116 N.M. 92, 860 P.2d 734, 738 (1993)). The court reasoned that when the dentist stopped providing dental treatment to the patient and began sexually assaulting her, his professional services ended. Thus, the sexual assault was not covered under the terms of the professional liability policy.
Similarly, in this case, although the policy covers incidents "growing out of the law enforcement duties of the covered member," there must be some causal connection between the sexual assault and the law enforcement duties of Harrison. Although Harrison illegally used his position as a pretense to place Keen in a position where he could sexually assault her, his law enforcement duties ended when he coerced an inmate of the jail to have sex with him. Therefore, the sexual assault was not within the law enforcement duties and was not covered.
Keen argues, however, even if no coverage existed, the Fund still had a duty to defend Harrison. An insurer's duty to defend is distinct from and broader than its duty to indemnify. U.S. Fire Ins. Co. v. Hayden Bonded Storage Co., 930 So.2d 686, 691 (Fla. 4th DCA 2006). The existence of a duty to defend is determined based on only the allegations of the underlying complaint. Id. If the complaint sets forth facts which bring the claim within policy coverage, the duty to defend arises. Id.
The duty to defend is not determined by the complaint's wording alone. See State Farm Fire & Cas. Co. v. Tippett, 864 So.2d 31, 35 (Fla. 4th DCA 2003); Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc., 771 So.2d 579, 582 (Fla. 4th DCA 2000) (holding that use of "buzz words" in a complaint will not trigger coverage when cause of action is for a non-covered act). As we noted in Tippett, "A liability insurance carrier must defend the insured only when the initial pleadings fairly bring the case within the scope of coverage." 864 So.2d at 35. (emphasis added); see also Pioneer Nat'l Title Ins. Co. v. Fourth Commerce Props. Corp., 487 So.2d 1051, 1054 (Fla. 1986). However, if the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend. Reliance Ins. Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988).
Although the complaint alleges a section 1983 claim for a violation of Keen's civil rights, the underlying conduct of Harrison giving rise to the violation is sexual intercourse against Keen's will. Keen specifically alleges that Harrison coerced her into sexual activity that she would have not agreed to but for her fear that he could take away her trustee status or gain time. She alleges that he was arrested for this conduct. She thus alleges that Harrison committed sexual battery on her. As the allegations show the application of the criminal acts exclusion in the policy, the Fund had no duty to defend Harrison.
For the foregoing reasons, we affirm the trial court's final judgment.
POLEN and HAZOURI, JJ., concur.