990 So.2d 550 (2008)
AIR STRUCTURES AMERICAN TECHNOLOGIES, INC. and Dan Fraioli, Appellants,
v.
German BUITRAGO, Appellee.
No. 3D07-2648.
District Court of Appeal of Florida, Third District.
June 18, 2008.
*551 Jay A. Gayoso, Aventura, for appellants.
Shutts & Bowen, Edmund T. Henry, III, and Maxine M. Long, Miami; Lewis, Rice & Fingersh and Duane L. Coleman, for appellee.
Before COPE, WELLS, and LAGOA, JJ.
PER CURIAM.
This is an appeal of a summary judgment entered in favor of the defendant in a noncompetition case. We affirm.
Plaintiffs, Air Structures American Technologies, Inc. and Dan Fraioli sued defendant, German Buitrago, alleging that Buitrago had breached his noncompetition agreement with his former employer, Air Structures. During trial, the plaintiffs and the defendant entered into a settlement stipulation which took the form of a new three-year noncompetition agreement.
Several months after expiration of the three-year term, the plaintiffs filed a motion alleging that the defendant had breached the agreement prior to the expiration of the three-year term. All parties moved for summary judgment. From a summary judgment in favor of the defendant, the plaintiffs have appealed.
Paragraph four of the settlement stipulation prohibited the defendant from soliciting or competing, directly or indirectly, with the plaintiffs for anyone on a customer list attached to the settlement stipulation. We agree with the trial court that the provision on indirect sale necessarily includes a knowledge requirement, such that the defendant knew or reasonably should have known that the indirect sale would reach a person or entity on the prohibited list. We agree with the trial court in rejecting the plaintiffs' argument that this was a "strict liability" provision such that the defendant would be liable even if the defendant did not know, and could not reasonably have known, that the resale would reach a person or entity on the prohibited list.
In this case, the defendant supplied goods to a manufacturer, Johnson Marcraft, who resold to someone on the prohibited list, who resold to the ultimate customer. The affidavit of Johnson Marcraft states that by company policy, the company would not disclose to a supplier, such as the defendant, the identity of Johnson Marcraft's customers. The affidavit of the prohibited intermediary, Alex Kogan, who is a shareholder of Air Structures, does not say otherwise.
The plaintiffs also made a claim under paragraph 5 of the settlement stipulation. As drafted, paragraph 5 does not provide for damages in the event of a breach. See Keen v. Fla. Sheriffs' Self-Ins. Fund, 962 So.2d 1021, 1023 (Fla. 4th DCA 2007).
Affirmed.