Jamie CASEY, Plaintiff,

v.

The CITY OF MIAMI BEACH and Eduardo Macias, Defendants.

Case No. 10–24155–CIV.

United States District Court, S.D. Florida, Miami Division.

June 7, 2011.

---

Annabel Castle Majewski, Wasson & Associates, Robert Michael Miller, Robert M. Miller PA, Coral Gables, FL, Roy D. Wasson, Miami, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach, City Attorney's Office, Miami Beach, FL, for Defendants.

## ORDER GRANTING DEFENDANT CITY OF MIAMI BEACH'S MOTION TO DISMISS CLAIMS OF THE AMENDED COMPLAINT PREMISED ON VICARIOUS LIABILITY FOR SEXUAL BATTERY

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant City of Miami Beach's Motion to Dismiss Claims of the Amended Complaint Premised on Vicarious Liability for Sexual Battery (D.E. No. 32). Plaintiff Jamie Casey ("Plaintiff") has filed suit against Defendants the City of Miami Beach ("the City") and Eduardo Macias ("Macias") individually and in his capacity as a police officer for the City of Miami Beach based on actions taken during her arrest on August 23, 2007. Plaintiff alleg-

es a violation 42 U.S.C. § 1983 and state tort claims. Defendant the City moves to dismiss Counts III and IV of the Amended Complaint, which are vicarious liability tort claims asserted against the City, to the extent these claims assert that the City is vicariously liable for Macias's sexual battery of Plaintiff. After careful consideration, the Court grants the City's motion to dismiss.

## I. Relevant Factual and Procedural Background

Plaintiff alleges that at approximately 3:00 a.m. on or about August 23, 2007, she was arrested by Macias and another officer at the 2100 block of Washington Avenue, Miami Beach, Florida. (D.E. No. 28 at ¶ 8). She alleges that the arrest was effectuated without probable cause and that Defendant Macias "used unreasonable force in handcuffing and forcing ... [her] into his police car." Id. at ¶¶ 9–10. Plaintiff states that Macias then drove her to a dark alley where he dragged her out of the police car and fondled her breasts and put his hands down her pants. Id. at ¶¶ 11–12. Macias then used "unreasonable force to put Plaintiff back in his patrol car, putting his tongue down her throat and rubbing her upper thighs with his hands." Id. at ¶ 13. The charges against Plaintiff were not prosecuted. Id. at ¶ 14. Plaintiff states that at all times Macias "was a police officer for Miami Beach acting within the course and scope of his employment." Id. at ¶ 4; see also Id. at ¶¶ 32, 37. Plaintiff also alleges that Macias's actions "were not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights." Id. at ¶¶ 32, 37

Plaintiff filed this action in state court, and Defendant the City removed this action on November 18, 2010. See (D.E. No. 1).[1] Plaintiff filed an amended complaint,

---

1. Defendant Carlos Noriega also removed this action; however, Defendant Noriega has

which is the operative complaint, on February 7, 2011. *See* (D.E. No. 28). The amended complaint is comprised of five counts. Counts I and II are a battery claim and a false imprisonment claim, respectively, asserted against Defendant Macias. In Count III, Plaintiff asserts that the City is vicariously liable for the battery, and in Count IV, Plaintiff asserts that the City is vicariously liable for the false imprisonment. Count V is a claim against Defendant Macias for a violation of 42 U.S.C. § 1983. The City has now filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

 When reviewing a complaint under Rule 12(b)(6), the court is limited to the four corners of the complaint and accepts all well-pleaded allegations as true, viewing the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *St. George v. Pinellas Cnty.,* 285 F.3d 1334, 1337 (11th Cir.2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Dismissal, however, is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

## III. Analysis

 The City moves to dismiss Counts III and IV to the extent they are premised on vicarious liability for sexual battery. Specifically, the City argues that section 768.28(9)(a) of the Florida Statutes precludes the imposition of vicarious liability for the sexual battery alleged in this case. This Court agrees.

Section 768.28(9)(a) provides that

the state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

To the extent that Counts III and IV are based on the Macias's sexual battery of Plaintiff, these actions were clearly outside the course and scope of Macias's employment.

In general,

under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime … or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer.

*Stinson v. Prevatt,* 84 Fla. 416, 94 So. 656, 657 (1922). Here, the sexual battery was not activated by any purpose to serve the

since been dismissed from this action. *See* (D.E. No. 24).

City. Plaintiff's conclusory allegations with regard to Macias's actions being within his course and scope of employment do not change this fact. There is no construction of the facts alleged in this case that will support a cause of action against the City for vicarious liability for the sexual battery. Thus, the Court finds Macias was not acting within the course and scope of his employment when he sexually assaulted Plaintiff after driving her to a dark alley subsequent to her arrest. *See Mason v. Fla. Sheriffs' Self–Ins. Fund,* 699 So.2d 268, 270 (Fla. 5th DCA 1997) (noting that "[s]exual batteries are generally outside the scope of employment" and finding that "[e]ven though McNally was on duty, in uniform, and charged with the responsibility of serving a warrant, in no way did he have the authority to use his power to coerce sex. Because there was not even the pretense of lawful right in McNally's performance of this act, it was not within the scope of his employment."). Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant City of Miami Beach's Motion to Dismiss Claims of the Amended Complaint Premised on Vicarious Liability for Sexual Battery (D.E. No. 32) is **GRANTED.** To the extent Counts III and IV assert that the City is vicariously liable for Macias's sexual battery of Plaintiff, these counts are dismissed.[2] The City shall file its answer to the complaint on or before June 14, 2011.

---

2. There are however other allegations in the complaint that give rise to the vicarious liability battery claim and the vicarious liability false imprisonment claim asserted against the City. Thus, these claims are not dismissed in their entirety.