SINGHAL, RAAG, Associate Judge.
Nationwide Mutual Fire Insurance Company (Nationwide) appeals from a final summary judgment and award of attorney’s fees entered in favor of Advanced Cooling and Heating, Inc. (Advanced). The trial court found that Nationwide had a duty to defend Advanced in an action brought by one of Advanced’s customers. Because the allegations in the customer’s pleadings did not set forth claims within policy coverage, we find Nationwide had no duty to defend and that the trial court erred in granting Advanced’s motion for summary judgment and in denying Nationwide’s motion for summary judgment. We reverse and remand for the entry of summary judgment in favor of Nationwide.

Factual Background

In 2009, the customer hired Advanced because of a problem with a home air conditioning unit. They agreed orally to the installation of a compressor under warranty for $438. Upon completion of the work, the customer paid the agreed-upon amount, but by the next day the customer realized the air conditioning problem had not been cured. The customer stopped payment on the check to Advanced, causing Advanced to sue the customer in small claims court. The customer filed a counterclaim and an amended counterclaim alleging breach of contract for failure to properly inspect the air conditioning system which resulted in an unnecessary repair, and failure to complete the repair in a workmanlike manner. At the time of the repair, Advanced was insured by Nationwide under a post-1986 standard form commercial general liability insurance policy.
Upon receipt of the amended counterclaim, Advanced placed Nationwide on notice that Nationwide had a duty to defend Advanced against the claim by the customer. Nationwide denied Advanced a defense after reviewing the customer’s pleadings, contending there was no coverage under the policy and that several policy exclusions precluding coverage applied. Advanced retained counsel, defended the counterclaim against the customer and prevailed. Separately, Advanced sought a declaratory judgment as to whether Nationwide had a duty to defend Advanced in its litigation against the customer. The trial court first denied Nationwide’s motion for summary judgment, thereby determining that Nationwide owed Advanced a duty to defend. The trial court then granted Advanced’s motion for summary judgment and eventually awarded attorney’s fees and costs in the amount of $114,268.01 pursuant to section 627.428, Florida Statutes.[1] This appeal followed.

Analysis

A trial court’s order granting summary judgment as to the duty to defend under an insurance policy is reviewed de novo. U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So.2d 871, 877 (Fla.2007). The question of duty to defend is answered based upon a review of the underlying pleadings filed against the insured as well as the insurance policy itself. Keen v. Fla. Sheriffs’ Self-Ins. Fund, 962 So.2d 1021, 1024 (Fla. 4th DCA 2007). In cases where pleadings are amended such that they supersede earlier filings, the amended allegations control the duty to defend issue. State Farm Fire & Cas. Co. v. Higgins, 788 So.2d 992, 995 (Fla. 4th DCA 2001). Based upon the allegations contained in the customer’s amended counterclaim, Nationwide owed Advanced no duty to defend. Both the customer’s breach of contract claim and the faulty workmanship claim fell outside policy coverage.
*388 An insurer’s duty to defend arises when a pleading alleges facts which fairly and potentially raise a claim against its insured within policy coverage. Id. While any doubt as to whether an insurer has a duty to defend must be resolved in favor of the insured, it is well-settled that insurance policies are contracts construed according to their plain meaning. 979 So.2d at 877. The insurance policy issued to Advanced covers “bodily injury” or “property damage” resulting from an “occurrence” pursuant to policy definitions. The breach of contract claim alleges only that an improper or unneeded repair resulted in an unnecessary $438 expense to the customer. There are no allegations of bodily injury or property damage at all. In fact, the wherefore clause of the customer’s amended counterclaim seeks only “damages and the return of check number 1533 in the amount of $438.00, together with costs of suit, interest and for such further relief as this Honorable Court deems proper.”
Property damage as contemplated by the plain meaning of the insurance policy refers to damage to property other than the property being repaired. A complaint seeking recovery for costs of repair and removal of defective work does not involve a property damage claim. See J.S.U.B., 979 So.2d at 889. In Auto-Owners Insurance Co. v. Pozzi Window Co., 984 So.2d 1241 (Fla.2008), the Florida Supreme Court provides an example analogous to the facts of this case and states:
[I]n West Orange Lumber Co. v. Indiana Lumbermens Mutual Insurance Co., 898 So.2d 1147, 1148 (Fla. 5th DCA 2005) a lumber company sought coverage under a [commercial general liability] policy when it failed to provide the proper grade of cedar siding. There was no damage to the construction itself. The Fifth District Court of Appeal concluded that there was no allegation of “property damage” when the only damage alleged was the cost of removing and replacing the wrong grade cedar siding that had been installed. See id. In essence, the mere inclusion of a defective component, such as a defective window or the defective installation of a window, does not constitute property damage unless that defective component results in physical injury to some other tangible property.
Auto-Owners Ins. Co., 984 So.2d at 1248.
Similarly, the newly installed compressor in this case, essentially a defective or unnecessary component, did not result in physical injury to some other tangible property. The injury is purely economic, which does not constitute property damage under a commercial general liability insurance policy. J.S.U.B., 979 So.2d at 892 (Lewis, C.J., concurring). The customer’s amended counterclaim contains no allegation that Advanced caused property damage to any of the customer’s other tangible property. Thus, Nationwide had no duty to defend in this case.
The customer’s alternative faulty workmanship claim also did not fall within the coverage parameters of the policy. The customer’s faulty workmanship claim alleged that Advanced installed the compressor in an unworkmanlike manner, resulting in a leak in the air conditioning system causing a physical injury to tangible property — the compressor. This claim also did not allege property damage to some tangible property other than the air conditioning unit itself. Because we find that Nationwide owed Advanced no duty to defend, we need not address the applicable policy exclusions.

Conclusion

The allegations in the pleadings below did not set forth claims within policy cov *389 erage as they did not allege property damage. Accordingly, we find Nationwide had no duty to defend and the trial court erred in granting Advanced’s motion for summary judgment and in denying Nationwide’s motion for summary judgment. We therefore reverse and remand for entry of summary judgment in favor of Nationwide.

Reversed and Remanded.

DAMOORGIAN, C.J., and STEVENSON, J„ concur.

. Nationwide does not challenge the amount of the award.