IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DENNIS DURANT,

     Appellant,

v.

BRIAN JAMES and
PROGRESSIVE CASUALTY
INSURANCE COMPANY,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3075

Opinion filed April 4, 2016.

An appeal from the Circuit Court for Holmes County.
Christopher N. Patterson, Judge.

Philip J. Padovano of Brannock & Humphries, Tampa; M. Stephen Turner and
Alexandra E. Aparicio of Broad and Cassel, Tallahassee, for Appellant.

Peter D. Webster of Carlton Fields Jorden Burt, P.A., Tallahassee; Patricia
Thompson and Cristina Alonso of Carlton Fields Jorden Burt, P.A., Miami, for
Appellees.

BILBREY, J.

     Appellant, Dennis Durant, challenges the trial court's summary declaratory

judgment and final judgment entered in favor of Progressive Casualty Insurance

Company as improper interpretations of a Directors and Officers Liability Policy issued by Progressive. The trial court declared that Progressive was not liable for payment of a money judgment against Brian James under the D & O policy due to the exclusion for "insured versus insured" claims. Because we find the language of the policy to be clear and unambiguous, the judgments are affirmed.

Durant is a former director and shareholder in Bonifay Holding Co., Inc., and James was at all times material the President and CEO of that company. Under the terms of a final judgment of dissolution of marriage, Durant was required to sell his shares of the company stock. He then repurchased the stock, but at an inflated price due to certain actions by James. Durant obtained a money judgment in excess of one million dollars against James for damages in connection with the stock buyback. Durant then sought to collect the money judgment via a writ of garnishment against Progressive, alleging the D & O liability policy covered Bonifay Holding Co., Inc.'s officers and directors and that Progressive was therefore obligated to pay Durant's judgment against James.

Progressive filed a counterclaim against both Durant and James, seeking a declaratory judgment on the terms of the D & O policy. On cross-motions for summary declaratory judgment, the trial court declared that the insured versus

2

insured exclusion in Progressive's liability policy excluded Durant's claim against James for payment of the judgment.[1]

Our review of the trial court's interpretation of an insurance policy and its decision to grant summary judgment based on its interpretation of the policy is de novo. Chandler v. Geico Indem. Co., 78 So. 3d 1293 (Fla. 2011). The parties agree that "insured persons" are defined in the Progressive policy as "any past, present or future director, trustee, officer, employee or honorary or advisory director or trustee of the Company." In addition, "claim" is defined in the policy as any demand "against an Insured Person for a Wrongful Act."

The fact that Durant and James each meet the policy's definition of "insured person" was also not disputed. However, Durant relies on Rigby v. Underwriters at Lloyd's, London, 907 So. 2d 1187 (Fla. 3d DCA 2005), for his position that his claim against James is covered by the D & O policy because the claim was not

---

[1] Section IV of the Policy provides:

**F.** **Insured vs. Insured Exclusion** – The Insurer shall not be liable to make any payment for Loss in connection with any Claim by or at the behest of the Company, or any affiliate of the Company or any Insured Person except:
(1) where such Claim is brought by the Insured Person and arises out of the employment of the Insured Person; or
(2) where such Claim is brought by an Insured Person in the form of a cross claim or third-party claim for contribution or indemnity which is part of and results directly from a Claim which is not otherwise excluded by the terms of the Policy.

brought in Durant's capacity as a director or former director of the company, but in his personal capacity under a money judgment unrelated to his former director position.

The particular circumstance presented in <u>Rigby</u> is not present in this case. There, the bankruptcy trustee for the company sought and obtained an amendment to the D & O liability policy specifically adding him, by name, as an insured under the policy's definition of "directors and officers." The Third District Court of Appeal reversed the trial court's declaration that the "insured versus insured" exclusion prevented coverage, and held that the trustee's claim "to collect and reduce to money the property of the debtor's estate for the benefit of the debtor's creditors," was not an adversary action by the trustee in his capacity as an officer or director. <u>Id.</u> at 1189. The trustee's claim in <u>Rigby</u> against the former president and director of the company was brought in furtherance of the trustee's statutory duties under federal bankruptcy statutes. <u>Id.</u>

In contrast, the claim by Durant in this case is based on a judgment obtained in an adversarial personal action against James, the president and CEO of the company, for damages incurred due to James' wrongful act of overvaluing the stock bought back by Durant. Durant's status as an "insured" was not specially conferred and added to the policy after his claim materialized to advance a particular statutory duty, but resulted from his undisputed status as a past director.

4

As noted in Rigby, "[u]nder Florida law, the words utilized in an insurance policy are to be given their plain and ordinary meaning." Id. at 1188, n. 1, citing Sphinx Int'l Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., 226 F. Supp. 2d 1326 (M.D. Fla. 2002); Thomas v. Prudential Prop. & Cas., 673 So. 2d 141 (Fla. 5th DCA 1996).

We decline to apply the contract construction principles urged by Durant to the policy in this case because there is no ambiguity or lack of clarity in the terms which require interpretation. Applying the clear language of the policy, the trial court correctly declared that there was no coverage. See Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 412 F.3d 1224 (11th Cir. 2005); PowerSports, Inc. v. Royal Sunalliance Ins. Co., 307 F. Supp. 2d 1355 (S.D. Fla. 2004) (plaintiffs for underlying fraud claim were "insureds" and insured versus insured clause barred coverage).

We are further persuaded by the opinions of other jurisdictions, holding that the capacity in which the claimant sued the other officer or director in the first instance had no bearing on the bar on coverage under a D & O policy's insured versus insured exclusion. See Miller v. St. Paul Mercury Ins. Co., 683 F.3d 871 (7th Cir. 2012) (claimant's capacity as individual or trustee of her trust did not affect her status as former director, and thus an "insured"); Am. Med. Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 244 F.3d 715 (9th Cir. 2001) (insured

5

versus insured exclusion applied regardless of capacity in which former director filed claim); Level 3 Comms. v. Fed. Ins. Co., 168 F.3d 956 (7th Cir. 1999) (insured versus insured exclusion not limited to collusive suits).

Finally, we reject Durant's contention that even if the insured versus insured exclusion unambiguously applies, the exception to the exclusion in Section IV, F(1), provides coverage since, Durant contends, the claim arises out of Durant's employment with Bonifay Holding Company, Inc. A director is not an employee of a company. § 607.01401(10), Fla. Stat. "A director may accept duties that make him or her also an employee." Id. But here there was no evidence that Durant accepted any duties beyond those required of a director. Therefore the trial court correctly declared that the exception to this exclusion did not apply.

AFFIRMED.

JAY, J., and MCCALLUM, LINDA, ASSOCIATE JUDGE, CONCUR.

6